## PERCY *v.* PERCY.

DIVORCE—REHEARING—ABUSE OF DISCRETION.

> Denial of defendant wife's petition for rehearing of divorce suit on a showing that, because of her counsel's withdrawal on the day of the hearing and her inability, in the two hours allowed her, to secure other counsel, she was not represented by counsel at the hearing, that she is unable to speak English, that all of the property, although held by them by the entireties, was given to the husband, that she contributed about $1,300 to its purchase, that she has two children by a former husband, aged respectively 15 and 9 years of age, and that she is without means of support, where none of the material allegations were denied, *held*, a clear abuse of discretion.

Appeal from Wayne; Collingwood (Charles B.), J., presiding. Submitted April 25, 1924. (Docket No. 115.) Decided June 2, 1924.

Bill by John Percy against Mary Percy for a divorce: On petition of defendant to vacate or modify a decree for plaintiff. From an order denying the petition, defendant appeals. Reversed.

*James R. Neill,* for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendant.

McDONALD, J. The parties to this cause were married on the 5th of July, 1915. They lived together intermittently until the 12th day of April, 1923, when the plaintiff filed a bill for divorce in the Wayne circuit court. The defendant appeared and answered. On the 29th day of October, 1923, the cause was heard and a decree was entered for the plaintiff granting him an absolute divorce on the

grounds of extreme cruelty, and awarding him all of the property consisting of a three-family flat which the parties held as tenants by the entirety. There were no children. No appeal was taken from the decree, but subsequently the defendant filed a petition for a rehearing. On the 18th day of December, 1923, the circuit judge dismissed the petition. From the order of dismissal the defendant has appealed.

The petition in question, which is entitled "petition to vacate or modify a decree of divorce," shows that when the parties came into court on the day of the hearing the defendant's counsel requested permission of the court to withdraw from the case because the defendant had made certain unjust accusations against him. The permission was granted and the defendant was given two hours in which to procure other counsel. The petition alleges that though she made frantic efforts to do so, she was unable to secure counsel in the time designated by the court, and was compelled to go to a hearing without representation; that she was unable to speak English; and that her testimony was taken through an unfriendly interpreter, who was a witness against her, and who did not correctly translate her testimony. She further alleges that the property in question was jointly owned by them, that she had contributed about $1,300 to its purchase, $800 of which she had received from the estate of a former husband, and that before the hearing the plaintiff had offered to give her one-half of their joint interest in settlement of the property rights.

The defendant has two children, the issue of a former marriage, the eldest being 15 and the youngest being 9 years of age. She and the children are without means and are being supported by the public welfare department of the city of Detroit.

The situation confronting the defendant on the

withdrawal of her attorney is well stated by her counsel in the following excerpt from their brief:

"Had the defendant in this case been able to speak the English language and had she possessed means with which to do so, she might in so short a space of time have been able to employ other counsel to represent her, but even under those circumstances the time allotted would certainly have been none too great to permit defendant to engage other counsel and to tell them the material facts of her defense, so that her interests could have with some degree of intelligence been properly presented to the court. But this defendant then, as well as now, was not only ignorant of the English language, but was without any means whatsoever, so that when the court, under those circumstances, granted two hours to her in which to secure other counsel to represent her, it was a foregone conclusion that when the case was tried defendant would be without counsel. So when the case came on to be heard the plaintiff was represented by able and astute counsel and the defendant 'although she had made frantic efforts to do so,' was without counsel, alone, excited, ignorant not only of court procedure, but of the very language in which that procedure was being conducted. Under such circumstances, it does not seem to us that the ultimate result would ever be in doubt."

The circuit judge filed no reasons for his denial of the petition and the record does not contain any of the evidence taken on the hearing for divorce. The plaintiff filed an affidavit in opposition to the petition, but makes no denial of its most material allegations. The decree was unusual in that, on a finding of extreme cruelty, it gave to the husband all of the property which the parties held by the entirety. It may be that the court reached a correct conclusion and that the same result will follow a rehearing, but the defendant must have an opportunity to fairly and intelligently present her side of the controversy. She was entitled to be represented by counsel. The action of the court was equivalent to denying to her

this right.    It was a clear abuse of discretion.    The petition to reopen the case should have been granted.

The order of the circuit court is reversed, with costs to the defendant.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.