## WYKOFF v. WINISKY.

1. TRIAL—CONDUCT OF TRIAL JUDGE—CONTEMPT—PREJUDICE.
   Colloquy between trial court and defendant appearing *in propria persona* in which trial court threatened contempt proceedings against defendant if he persisted in his improper remarks after he implied trial court had "unclean hands" *held*, neither prejudicial to defendants nor error.

2. ATTORNEY AND CLIENT—WITHDRAWAL OF COUNSEL—NOTICE.
   Trial court order permitting withdrawal of counsel should not be entered without notice to counsel's client.

3. SAME—WITHDRAWAL OF COUNSEL—NOTICE.
   A client should be given notice before order permitting withdrawal of counsel is entered by trial court, but where the withdrawal causes no injury or prejudice to the client, it is not reversible error to permit withdrawal without notice especially when at pretrial conference the client indicates he intends to represent himself.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur, Judges § 174; 53 Am Jur, Trial §§ 74, 76, 79, 88, 90.
[2, 3] 7 Am Jur 2d, Attorneys at Law § 145.
[4] 53 Am Jur, Trial §§ 25–27, 453.
   Right of litigant in civil action either to assistance of counsel where appearing pro se or to assist counsel where represented. 67 ALR2d 1102.
[5] 53 Am Jur, Trial §§ 14–18.
[6] 53 Am Jur, Trial §§ 15, 17, 25–27.

4. SAME—ASSISTANCE OF COUNSEL—TRIAL WITHOUT COUNSEL.

   The right to have representation by counsel contemplates the allowance of a reasonable opportunity to obtain counsel, but if a litigant does not choose to exercise that right, he can be forced to proceed to trial without counsel.

5. TRIAL—PREPARATION—DELAY—GOOD FAITH.

   A trial need not come to a halt and remain halted until a litigant decides that he is ready to permit the trial to proceed when the record establishes a substantial basis for challenging the litigant's good faith in preparing for trial.

6. SAME — CONTINUANCE — DISCRETION OF COURT — ASSISTANCE OF COUNSEL.

   Trial court's denial of defendants' motion for adjournment because defendants were not represented by counsel *held*, not an abuse of discretion, where history of case convinced trial court that defendants had not acted with reasonable diligence in obtaining counsel and did not intend to retain counsel for the purpose of preparing their defense and proceeding to trial, and case was adjourned 3 times and 2 attorneys asked to be relieved because of inability to get along with defendants.

Appeal from Livingston; Carland (Michael), .J. Submitted Division 2 May 1, 1967, at Lansing. (Docket No. 2,065.) Decided March 21, 1968. Rehearing denied May 31, 1968. Leave to appeal denied August 12, 1968. See 381 Mich 770.

Complaint by Darwin Wykoff against Alex Winisky and Hilda Winisky for breach of contract. Judgment for plaintiff. Defendants appeal. Affirmed.

*Brucker & Brucker,* for plaintiff.

*Ingle & Burke,* for defendants.

LEVIN, J.   The question is whether the trial court abused its discretion in directing the trial of this action to proceed at a time when defendants were not represented by counsel.

Complaint was filed on May 15, 1963, alleging that pursuant to an agreement on December 26, 1961, the plaintiff had provided defendants with a dragline crane and dragline mats for defendants' use and that the defendants had not paid the agreed price of $4,594.52.

Defendants retained counsel who entered an appearance and filed an answer and counterclaim in defendants' behalf. The answer admitted defendant Alex Winisky had rented the crane and mats from the plaintiff, but denied that defendant Hilda Winisky was liable. The counterclaim of $2,145.22 was for materials furnished, labor performed, and the rental on property leased by defendants to plaintiff.

Plaintiff's reply denied the material allegations of the counterclaim, referring to the opinion of the Supreme Court of Michigan in *McCluskey* v. *Winisky* (1964), 373 Mich 315, and admitted a nominal debt to the defendants on their counterclaim.

On August 18, 1965, defendants' counsel filed an affidavit in support of a petition to withdraw as defendants' counsel. Therein he stated that scheduled pretrial conferences had been adjourned upon agreement of both parties, that efforts to settle the dispute had been unavailing, that Alex Winisky had been unresponsive to communications from his counsel, and that on July 8, 1965, Alex Winisky wrote to his counsel as follows: "Because of indifference we have filed a grievance with the State Bar against you. Please return our files."

Without notice to the Winiskys of the petition to withdraw, an order authorizing withdrawal was entered, the order providing that upon payment to former counsel of his attorney fees, costs, and expenses such counsel should turn over to the Winiskys "their court file".

The Winiskys were informed of the entry of the order, and that a pretrial conference would be held

on September 15, 1965. Mr. Winisky appeared for himself at the pretrial conference.[1] The pretrial order stated plaintiff's claim that the Winiskys denied any indebtedness to plaintiff and had filed a counterclaim seeking $2,145.22, and that plaintiff admitted liability of approximately $200 on the counterclaim.

On December 14, 1965, the court sent a notice to the Winiskys designating January 10, 1966, the date for trial. The Winiskys approached new counsel on or about December 28, 1965, and the first conference with new counsel was held on December 31, 1965. New counsel was retained on January 3, 1966, and, on the following day, they advised the trial judge that they would be prepared to proceed on the date set for trial. Two days later, there was a further conference, lasting most of that day, between the new counsel and Mr. and Mrs. Winisky.

On Friday, Mr. Winisky telephoned the judge to request an adjournment, advising him that in his, Mr. Winisky's, opinion, the new counsel were not prepared. The judge replied that such a request would have to come from the Winiskys' counsel. Mr. Winisky telephoned his counsel and requested they communicate with the judge, which counsel unsuccessfully tried to do.

On Monday, January 10, 1966, the Winiskys' counsel appeared with Mr. Winisky in court and stated that Mr. Winisky had instructed them on Friday to discontinue any further work until after they had talked to the judge. Mr. Winisky denied giving such instructions. Counsel indicated they were not prepared for trial, and they doubted whether Mr. Winisky desired them to represent him. After fur-

[1] At the time of trial, the trial judge stated that at the pretrial conference Mr. Winisky indicated he intended to represent himself throughout the proceedings.

ther colloquy, there was a recess. Upon reconvening, the Winiskys' counsel advised the court the Winiskys were satisfied for their new counsel to continue to represent them and requested a 1-day adjournment of the trial. The adjournment was granted on the condition there be no further requests for adjournment.

The following day (January 11, 1966) the Winiskys' counsel indicated differences of opinion between them and the Winiskys had arisen as to the conduct of the trial, making it impossible for such counsel to continue to represent the Winiskys, and requested permission to withdraw. Mr. Winisky confirmed his dissatisfaction with his counsel, stated he did not believe he could have a fair trial before the trial judge, and requested a continuance. Mr. Winisky added that his first counsel had not yet returned the file and, under all the circumstances, he did not believe he could put in a proper defense. Mr. Winisky also stated at various times that some of his files were in the hands of plaintiff's attorneys, that plaintiff's attorneys had previously represented him, that he desired a possible "conflict of interest" be investigated by the State Bar, and that he wanted to talk with an officer of the Supreme Court.

The trial judge responded that at "every opportunity that he [Mr. Winisky] has had to speak before the court either yesterday or today, he has implied that somebody was not being honest. * * * I can have no assurance that further adjournment would be of benefit to anyone. For that reason the motion to adjourn is denied, and we will now proceed to trial." The Winiskys' counsel was permitted to withdraw and the trial proceeded, the Winiskys not being represented by counsel. The plaintiff

presented his proof; the Winiskys offered no proofs, and judgment was entered for the plaintiff for $4,-418.92, the sum of $175.63 on the counterclaim having been admitted by plaintiff. The Winiskys' motion for new trial was denied on March 8, 1966.

On appeal the Winiskys refer to a colloquy between Mr. Winisky and the court on January 11, 1966, in connection with Mr. Winisky's request for a further adjournment and after both Mr. Winisky and his counsel had indicated Mr. Winisky's dissatisfaction with his counsel. Mr. Winisky argues the colloquy shows that, in threatening to punish him for contempt, the court acted excessively.[2] We perceive neither prejudice to the Winiskys nor trial court error in the remarks of the court.

The order permitting the withdrawal of the Winiskys' first counsel should not have been entered without notice to the Winiskys. However, it is not claimed that such withdrawal did not conform to the Winiskys' wishes in the matter or that the entry of such order caused any injury or prejudice to the Winiskys. Mr. Winisky attended the September 15, 1965, pretrial conference and it appears (see foot-

---

[2] *"Mr. Winisky:* That you're—that all these files are proper in the hands of the plaintiff's attorneys, and it is proper for the court to proceed with, with unclean hands, is this what you are honoring, Your Honor?

*"The Court:* Mr. Winisky, will you apologize to the court?

*"Mr. Winisky:* I will. I am sorry.

*"The Court:* Are you implying that this court is proceeding with unclean hands?

*"Mr. Winisky:* No, sir. I—

*"The Court:* All right.

*"Mr. Winisky:* I am—I am just confused, Your Honor. Yes.

*"The Court:* You are confused.

*"Mr. Winisky:* I apologize for anything I said, because—I have no—

*"The Court:* You are confused, and if I hear any more remarks from you in regard to that situation, insofar as this court is concerned, I'll unconfuse you. We'll proceed to find you in contempt.

*"Mr. Winisky:* I am sorry, Your Honor.

*"The Court:* We will now proceed to trial."

note 1) that he then indicated an intention to represent himself throughout the proceedings.

The Winiskys made no efforts between September 15, 1965, and December 28, 1965, to engage substitute counsel. The Winiskys had ample time between entry of the order permitting first counsel to withdraw and the time of trial to seek return of their file and, if needed, the court's aid in effectuating such return upon payment to former counsel of the amount ascertained by the court to be due.[3]

It appears the Winiskys' new counsel may not have been prepared for trial either because, as such counsel claimed, Mr. Winisky instructed them on the Friday preceding the Monday trial date not to do anything further, or because there wasn't adequate time for preparation in the one week between the time they were engaged (January 3, 1966) and the date set for trial (January 10, 1966), or because they lacked the Winiskys' papers that were still in the hands of the first-engaged counsel. Mr. Winisky also claims new counsel failed to follow his instructions on the conduct of the proceedings. All these matters could have been resolved, however, had Mr. Winisky acted timely in engaging counsel.

We have no doubt that, as his appellate counsel observes, Mr. Winisky was unable to cope with being required to proceed to trial without counsel. However, the Winiskys had ample time to obtain counsel. Compare *Baird* v. *Baird* (1962), 368 Mich 536, 539. The trial judge had a substantial basis for concluding, and so did not abuse his discretion in concluding, that the Winiskys did not act with reasonable diligence in obtaining counsel and did not intend to retain counsel for the purpose of preparing their de-

---

[3] We are advised by the Winiskys' appellate counsel that on March 25, 1966, they obtained the file without the assistance of the court upon payment of $70.67 in costs and expenses.

fense and proceeding to trial. The right to representation by counsel contemplates the allowance of a reasonable opportunity to obtain counsel. *Grevnin* v. *Grevnin* (1946) 315 Mich 519, 524. If a litigant does not choose to exercise that right, he can be forced to proceed to trial without counsel. Had the Winiskys acted with reasonable diligence in obtaining counsel in whom they had confidence, they could have properly filed whatever motions might have appeared to be in their best interest; and the basis, if any, for the assertion that because of a conflict of interest plaintiff's counsel should not be permitted to represent plaintiff in proceedings against the Winiskys could have been presented with clarity.

The Winiskys did not act with reasonable diligence, and their neglect exposed them to that which occurred after a last-minute engagement of counsel: a hurried-up effort to prepare for trial, differences of opinion between Mr. Winisky and his new counsel, unavailability of the file and obscurity as to the conflict-of-interest claim.

We do not suggest that if a litigant acts with reasonable diligence in retaining counsel, and then, on the eve of trial, unexpected differences of opinion require retained counsel to withdraw with the court's permission, that the court may require a litigant who has acted in good faith to proceed to trial without affording him a reasonable opportunity to obtain substitute counsel. See *Percy* v. *Percy* (1924), 227 Mich 407. That, however, is not the case here. The trial judge concluded on the basis of substantial evidence that the Winiskys did not act with reasonable diligence, and the differences of opinion which arose, far from being unexpected, were precisely what might have been anticipated based upon the history of the litigation. A litigant is not wedded to his lawyer,[4]

---

[4] Compare *United States* v. *Johnston* (CA 6, 1963), 318 F2d 288, where defendant's retained counsel told the defendant on the Friday

but, when the record establishes a substantial basis for challenging a litigant's good faith in preparing for trial, all need not come to a dead halt until that litigant decides that he is ready to permit the trial to proceed. Compare *Harms* v. *Simkin* (1959, Mo App) 322 SW2d 930, 934.

In *People* v. *Stinson* (1967), 6 Mich App 648, 654, this Court concluded that there was not an abuse of discretion in denying a request for a continuance of the date set for trial to allow a defendant further time within which to retain counsel of his own choosing where the defendant was represented by assigned counsel. The defendant had over 3 months to retain counsel but made no effort to do so, and there was no showing that he would be able to do so. See also *Ungar* v. *Sarafite* (1964), 376 US 575 (84 S Ct 841, 11 L ed 921, rehearing denied 377 US 925, 84 S Ct 1218, 12 L ed 217), where the Court ruled there had been neither a denial of due process nor an abuse of discretion in refusing a continuance to one charged with contempt of court who had less than five full days' notice of the time set for hearing and waited until the very day of hearing to retain counsel. The Court observed (p 591):

"These matters are, of course, arguable, and other judges in other courts might well grant a continuance in these circumstances. But the fact that something is arguable does not make it unconstitutional. Given the deference necessarily due a state trial judge in regard to the denial or granting of con-

preceding the Tuesday trial date that he would be unable to represent the defendant and that one of his associates would represent the defendant at the time of trial, and where, on Monday, the defendant informed his counsel that the substitute was unsatisfactory. The appellate court there held that the trial court's refusal on Tuesday to grant a continuance deprived the defendant of a fair opportunity and a reasonably sufficient time to select and employ counsel of his own choosing.

tinuances, we cannot say these denials denied Ungar due process of law."

Affirmed. Costs to appellees.

T. G. KAVANAGH, P. J., and SULLIVAN, J., concurred.