HUBERT v CITIZENS INSURANCE COMPANY OF AMERICA

Docket No. 78-1335. Submitted November 13, 1978, at Detroit.—Decided February 21, 1979. Leave to appeal applied for.

Plaintiff, Ronald D. Hubert, was injured while driving a garbage truck, owned by the City of Farmington, for McCreedy Trucking Company, the garbage and rubbish collection contractor for the City of Farmington.

Plaintiff recovered workmen's compensation benefits from McCreedy and then sought to collect personal protection insurance benefits from the city's no-fault insurer. Citizens Insurance Company of America paid the no-fault benefits to the plaintiff but reduced the no-fault benefits paid by the amount of workmen's compensation benefits which were paid or payable. Plaintiff then brought an action against Citizens Insurance to recover the amounts deducted. The Oakland Circuit Court, Francis X. O'Brien, J., granted plaintiff's motion for summary judgment finding the set-off provisions of the no-fault act unconstitutional. The defendant appeals, alleging (1) that the insurer did not have to pay any benefits to the plaintiff because workmen's compensation was the plaintiff's exclusive remedy and (2) that the trial court erred in holding the set-off provision unconstitutional. *Held:*

1. An employee is entitled to receive no-fault benefits as well as workmen's compensation benefits where the employee is injured while operating a motor vehicle owned by the employer. Workmen's compensation is not the exclusive remedy.

2. The set-off provision in the no-fault act is constitutional. The defendant was entitled to reduce the amount of benefits paid to the plaintiff by the amount of workmen's compensation benefits received by the plaintiff.

Reversed and remanded.

1. STATUTES — AUTOMOBILES — NO-FAULT INSURANCE — WORKMEN'S COMPENSATION — LEGISLATIVE INTENT.

The legislative intent, as expressed in the no-fault automobile insurance statute, was to allow an employee to sue his employ-

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] New Topic Service Am Jur 2d, No-Fault Insurance § 22.

er's no-fault carrier in situations where the employee was injured while occupying a vehicle owned by the employer and to allow both workmen's compensation recovery and no-fault recovery (MCL 500.3114[3]; MSA 24.13114[3]).

2. AUTOMOBILES — INSURANCE — NO-FAULT INSURANCE — WORK-MEN'S COMPENSATION — PERSONAL PROTECTION INSURANCE — SET-OFF — STATUTES.

Workmen's compensation benefits received by an employee for injury suffered by the employee while operating a motor vehicle owned by his employer may be set off against personal protection insurance benefits paid by the no-fault insurer of the employer's motor vehicle (MCL 500.3109[1]; MSA 24.13109[1]).

*Katz, Victor & Yolles* (by *Richard A. Lenter),* for plaintiff.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark,* for defendant.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and BASHARA, JJ.

PER CURIAM. Defendant appeals as of right from a March 22, 1978, order granting summary judgment to plaintiff.

Plaintiff was injured on February 4, 1976, while driving a garbage truck for McCreedy Trucking Company, the City of Farmington's garbage and rubbish collection contractor. The truck was owned by the City of Farmington.

Plaintiff recovered workers' compensation benefits from McCreedy.[1] Plaintiff then sought to collect no-fault personal protection insurance benefits from defendant, Citizens Insurance Company of America, the City of Farmington's no-fault insurer. Defendant paid plaintiff the no-fault benefits; however, defendant deducted the sums which

---

[1] McCreedy was obligated to provide workers' compensation benefits under the terms of its garbage collection contract with the City of Farmington.

plaintiff was receiving as workers' compensation pursuant to MCL 500.3109(1); MSA 24.13109(1).

Plaintiff then brought the present action to recover the amounts subtracted. Plaintiff moved for summary judgment, and for the purpose of that motion the parties stipulated that plaintiff was an employee of the City of Farmington. The trial court granted plaintiff's motion, finding MCL 500.3109(1); MSA 24.13109(1) unconstitutional.

On appeal defendant argues first that it should not have to pay *any* benefits to plaintiff, because workers' compensation is plaintiff's exclusive remedy. MCL 418.131; MSA 17.237(131).[2] We disagree. We adopt the reasoning of Judge ALLEN's dissent in *Ottenwess v Hawkeye Security Ins Co,* 84 Mich App 292; 269 NW2d 570 (1978), and hold that MCL 500.3114(3); MSA 24.13114(3)[3] authorizes plaintiff to receive no-fault personal protection insurance benefits from defendant.

Secondly, defendant contends that the trial court erred in holding the set-off provision unconstitutional. This section provides:

"Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance bene-

[2] "The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer. As used in this section and section 827 'employee' includes the person injured, his personal representatives and any other person to whom a claim accrues by reason of the injury to or death of the employee, and 'employer' includes his insurer, a service agent to a self-insured employer, and the accident fund insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance or incident to a self-insured employer's liability servicing contract."

[3] "An employee, his spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle."

fits otherwise payable for the injury." MCL 500.3109(1); MSA 24.13109(1).

The Supreme Court recently held the above provision to be constitutional, in a case involving social security benefits. *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524; 273 NW2d 829 (1979). Although *O'Donnell* was limited to its facts, *i.e.,* a setoff of social security benefits, we perceive its reasoning as applying also to set-offs of workers' compensation benefits.

If anything, the case for constitutionality of the set-off provision is stronger where workers' compensation benefits are to be set off. The *O'Donnell* dissenters' suggested distinction between contributory *(e.g.,* social security) and noncontributory *(e.g.,* workers' compensation) governmental benefits makes this clear, as does Judge T. M. BURNS' language in *O'Donnell v State Farm Mutual Automobile Ins Co,* 70 Mich App 487, 496; 245 NW2d 801 (1976):

"Section 3109(1) is very broad—it covers any collateral governmental source. No-fault systems in other states include collateral source set-off provisions, but in Illinois and Florida, for example, the set-off provisions apply only to workmen's compensation benefits. It might be argued that the latter type of set-off provision is reasonable because the workmen's compensation benefits are provided without cost to the beneficiary, while private collateral source benefits are not. *Cf. Grace v Howlett, supra,* Chief Justice Underwood, dissenting. The argument is persuasive. Section 3109(1), however, is not limited to governmental benefits provided without cost to the beneficiary. The provision requires the reduction of recovery by benefits which are in a very real sense 'paid for' by the 'insured', such as under social security, or benefits which are in the nature of employee benefits to government employees and veterans." (Citations omitted.) (Footnotes omitted.)

Since workers' compensation benefits are not "paid for" by the employee, but rather by the employer and eventually the consumer, we see no basis for holding a setoff for such benefits to be unconstitutional. We are bound to follow *O'Donnell* and to reverse the judgment of the trial court.

Reversed and remanded for proceedings consistent with this opinion.