BYE v FERGUSON

Docket No. 74372. Submitted May 8, 1984, at Lansing.—Decided
    August 23, 1984.

William Bye brought an action in the Midland Circuit Court
    against Gary Ferguson. Bye and Ferguson were represented in
    the circuit court by attorneys Richard M. Handlon and Herbert
    H. Edwards, respectively. The case was originally set for trial
    on December 8, 1982. This was adjourned due to schedule
    conflicts of both attorneys. On December 7, 1982, the assign-
    ment clerk sent a "standby" trial notice to attorneys Handlon
    and Edwards stating that the trial was tentatively scheduled
    for January 21, 1983. This trial date was postponed by the
    court. On January 25, 1983, the clerk sent a new notice of trial
    scheduled for May 2, 1983. Also on January 25, 1983, Handlon,
    plaintiff's attorney, wrote the assignment clerk (with copies to
    Edwards and Bye) and requested that the trial be scheduled
    some time after June 1, 1983. Apparently Ferguson received
    copies of both these letters at the same time. No written
    stipulation or motions for adjournment were signed. On Mon-
    day, May 2, 1983, the date set for trial, Handlon and Edwards
    appeared in court. Edwards informed the court that he had
    informed his client, Ferguson, of the trial date through several
    letters, and that he had unsuccessfully attempted to communi-
    cate with Ferguson the previous Friday afternoon. Evidently
    Edwards' office received a call on Friday, April 29, 1983, which
    Edwards attempted to return late Friday afternoon without
    success. On that Friday night, Ferguson's associate, Susan
    Layman, informed Edwards that she would attempt to reach
    Ferguson. On the Sunday night before the trial, Layman in-
    formed Edwards that Ferguson would not be able to appear at
    the trial. On Monday morning, Edwards recounted this story to

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 126.
    5 Am Jur 2d, Appeal and Error §§ 172, 774.
    46 Am Jur 2d, Judgments § 671 *et seq.*
[2, 4] 5 Am Jur 2d, Appeal and Error §§ 545 *et seq.*
[3] 7 Am Jur 2d, Attorneys at Law §§ 173-175.
[4] 5 Am Jur 2d, Appeal and error § 974.

the court, and added that Ferguson had not paid his legal bills. Edwards requested that he be allowed to withdraw as counsel. The trial judge orally granted this motion on May 2, 1983, and signed an appropriate order the next day. Handlon did not object to Edwards' withdrawal. The judge allowed Bye to present his proofs immediately after Edwards' withdrawal. Bye's allegations were placed on the record and a judgment was entered. Ferguson was later served with a subpoena for a debtor's examination. A writ of garnishment was served on Ferguson's employer. This evidently prompted Ferguson to retain new counsel, who filed a motion to set aside the judgment under GCR 1963, 528.3. Ferguson's affidavit in support of this motion attempted to explain his failure to appear for trial. Ferguson also testified at the hearing on the motion, explaining that during February, March, and April of 1983, he closed a business, finalized his divorce, moved three times, and started a new job. Ferguson first learned of the trial in January, 1983, but thought that it had been postponed at plaintiff's attorney's request until after June 1, 1983. On the Friday before the trial, Ferguson explained, he was on business in Indiana and he asked Susan Layman to contact Edwards and inform him that Ferguson could not appear at the trial. Ferguson had a business meeting in Canada on the day of the trial and was fearful of losing his new job. He also said that he thought the fee dispute had been resolved by their respective office managers. Apparently, Edwards' office also owed some money to Ferguson's office, although Ferguson admitted that, regardless of this setoff, Ferguson still owed Edwards legal fees. Ferguson also admitted on cross-examination that he never gave Edwards any forwarding addresses. Ferguson did not know that a judgment had been entered against him until he received the subpoena for the debtor's examination. The court, David Scott DeWitt, J., denied defendant's motion. Defendant appealed. *Held:*

1. Defendant raises the issue of the impropriety of his attorney's withdrawal for the first time on appeal. Because of the possibility of a denial of defendant's constitutional right to counsel, the Court of Appeals believed that manifest injustice would result from failure to review the issue.

2. An attorney may not withdraw from a case without notice to his client. The judge's action in allowing Edwards to withdraw and in proceeding to trial without notice of his attorney's withdrawal was an abuse of discretion.

Reversed.

V. J. BRENNAN, P.J., dissented. He did not find that the trial judge abused his discretion under the circumstances. He also

believed that, if there was a miscarriage of justice, the proper remedy would be a remand on that question. He would affirm.

Opinion of the Court

1. Judgments — Relief From Judgments — Appeal.

A trial court's decision not to set aside a judgment is discretionary and will not be disturbed on appeal, absent a clear showing of an abuse of discretion (GCR 1963, 528.3).

2. Appeal — Preserving Question.

The appellate courts in Michigan generally will not consider an issue raised for the first time on appeal; however, this general principle will not be applied where manifest injustice would result if the claim were not considered.

3. Attorney and Client — Withdrawal of Attorney — Notice — Code of Professional Responsibility and Canons.

An attorney is permitted to withdraw from a case under certain circumstances, but not before taking reasonable steps to avoid foreseeable prejudice to the rights of his client, such as giving notice to the client and allowing time for the employment of other counsel; an attorney may not withdraw from a case without notice to his client (DR 2-110[A][2]).

Dissent by V. J. Brennan, P.J.

4. Appeal — Preserving Question — Miscarriage of Justice — Remedies.

*Issues not first presented to the trial court are not properly raised on appeal; where it would appear that a miscarriage of justice would result, the proper remedy is to remand to the trial court on that issue.*

*Schneider & Handlon* (by *Richard M. Handlon*), for plaintiff.

*Winegarden, Shedd, Haley & Lindholm* (by *Dennis M. Haley*), for defendant.

Before: V. J. Brennan, P.J., and R. B. Burns and C. Coleman,* JJ.

Per Curiam. Defendant, Gary Ferguson, appeals

* Former circuit judge, sitting on the Court of Appeals by assignment.

as of right from an order denying Ferguson's
motion to set aside a judgment rendered against
him in the amount of $14,077.72. This appeal
involves Ferguson's failure to appear for trial and
his attorney's subsequent withdrawal from the
case immediately prior to trial.

## I

Plaintiff, William Bye, filed suit on February 19,
1982, alleging that Ferguson was a holdover ten-
ant. Bye requested damages for the nonpayment of
rent during the holdover period, plus expenses
incurred in returning the property to its original
condition. Bye and Ferguson were represented in
the circuit court by attorneys Richard M. Handlon
and Herbert H. Edwards, respectively.

The case was originally set for trial on Decem-
ber 8, 1982. This was adjourned due to schedule
conflicts of both attorneys. On December 7, 1982,
the assignment clerk sent a "standby" trial notice
to attorneys Handlon and Edwards stating that
the trial was tentatively scheduled for January 21,
1983. This trial date was postponed by the court.
On January 25, 1983, the clerk sent a new notice
of trial scheduled for May 2, 1983. Also on Janu-
ary 25, 1983, Handlon, plaintiff's attorney, wrote
the assignment clerk (with copies to Edwards and
Bye) and requested that the trial be scheduled
some time after June 1, 1983. Apparently Fergu-
son received copies of both these letters at the
same time. No written stipulations or motions for
adjournment were signed.

On Monday, May 2, 1983, the date set for trial,
Handlon and Edwards appeared before Judge
DeWitt. Edwards informed the court that he had
notified his client, Ferguson, of the trial date
through several letters, and that he had unsuccess-

fully attempted to communicate with Ferguson on the previous Friday afternoon. Evidently Edwards' office received a call on Friday, April 29, 1983, which Edwards attempted to return late Friday afternoon without success. On that Friday night, Ferguson's associate, Susan Layman, informed Edwards that she would attempt to reach Ferguson. On the Sunday night before the trial, Ms. Layman informed Edwards that Ferguson would not be able to appear at the trial.

On Monday morning, Edwards recounted this story to the court, and added that Ferguson had not paid his legal bills. Edwards requested that he be allowed to withdraw as counsel. Judge DeWitt orally granted this motion on May 2, 1983, and signed an appropriate order the next day. Handlon did not object to Edwards' withdrawal.

Judge DeWitt allowed Bye to present his proofs immediately after Edwards' withdrawal. Bye's allegations were placed on the record and a judgment was entered in the amount of $14,077.72. Ferguson was later served with a subpoena for a "debtor's examination". A writ of garnishment was served on Ferguson's employer. This evidently prompted Ferguson to retain new counsel, who filed a motion to set aside the judgment under GCR 1963, 528.3. Ferguson's affidavit in support of this motion attempted to explain his failure to appear for trial.

Ferguson also testified at the hearing on the motion, explaining that during February, March, and April of 1983, he closed a business, finalized his divorce, moved three times, and started a new job. Ferguson first learned of the trial in January, 1983, but thought that it had been postponed at plaintiff's attorney's request until after June 1, 1983. On the Friday before the trial, Ferguson explained, he was on business in Indiana and he asked Susan Layman to contact Edwards and in-

form him that Ferguson could not appear at the trial. Ferguson had a business meeting in Canada on the day of the trial and was fearful of losing his new job. He also said that he thought the fee dispute had been resolved by their respective office managers. Apparently, Edwards' office also owed some money to Ferguson's office, although Ferguson admitted that, regardless of this setoff, Ferguson still owed Edwards legal fees. Ferguson also admitted on cross-examination that he never gave Edwards any forwarding addresses. Ferguson did not know that a judgment had been entered against him until he received the subpoena for the debtor's examination.

At the end of the hearing, the court rendered a bench opinion, stating:

*"The Court:* Well, the problem here is entirely attributable to the neglect of the defendant. He moved without keeping his attorney current on where his mail should be routed.

"Even under all the circumstances, the defendant received notice of this case in time to be here at the time of the hearing, or in time to contact either the court or Mr. Edwards and explain the circumstances which prevented his attending; but he left his attorney high and dry on the trial date without sufficient information for the attorney to make an intelligent application of the court for an adjournment.

"You know that I'm not going to grant an adjournment on the trial date when the plaintiff is in court with his witnesses prepared to proceed and the attorney says: I want an adjournment because I got a call from my former—or, my client's former business associate that he would not be able to attend. If I didn't fall off the bench laughing at an application on the trial date under those circumstances, it would surprise me.

"So he didn't take any reasonable steps to secure an adjournment or to prevent the entry of this judgment at the time. Therefore, I'm going to deny the motion to

set aside the judgment and dissolve the stay of proceedings which I entered on August 19."

The judge accordingly entered an order denying defendant's motion to set aside or vacate the judgment.

## II

Ferguson appeals the denial of his motion to set aside the judgment pursuant to GCR 1963, 528.3. It is apparent from both oral argument and the appellate brief that Ferguson's claims rest on either subsection (1) or (6) of that rule. Denial of a motion for relief from a judgment brought under Rule 528.3 will not be disturbed on appeal absent a clear showing of an abuse of discretion. *Lark v The Detroit Edison Co,* 99 Mich App 280, 282; 297 NW2d 653 (1980), *lv den* 410 Mich 906 (1981).

"Relief may be granted under GCR 1963, 528.3(6) for 'any other reason justifying relief from the operation of the judgment' if subsections (1) through (5) are inapplicable, extraordinary circumstances exist which warrant setting aside the judgment in order to achieve justice, and substantial rights of the opposing party will not be detrimentally affected by setting aside the judgment." *Coates v Drake,* 131 Mich App 687, 691; 346 NW2d 858 (1984).

Ferguson's only argument on appeal, that attorney Edwards failed to notify him of his intention to withdraw from the case, is being raised for the first time on appeal. However, in light of the possible denial of the defendant's constitutional rights, this Court believes that manifest injustice would result if the merits of the appeal were not addressed. *Deeb v Berri,* 118 Mich App 556; 325 NW2d 493 (1982).

The Michigan Constitution provides:

"A suitor in any court of this state has the right to prosecute or defend his suit, either in his own proper person or by an attorney." Const 1963, art 1, § 13.

The Code of Professional Responsibility and Canons require the attorneys practicing law in this state to maintain very high standards of conduct. This is necessary and important to gain and maintain public acceptance of the special status given the profession. DR 2-110(A)(2) of that code provides:

"In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules."

A lawyer is permitted to withdraw only under certain circumstances specified in DR 2-110(C), such as if the client's "conduct renders it unreasonably difficult for the lawyer to carry out his employment effectively", or the "client knowingly and freely assents to termination of his employment". DR 2-110(C)(1)(d), 2-110(C)(5). However, even withdrawal under those circumstances must be prefaced by reasonable and adequate notice, as provided in ¶ (A), quoted above.

Although there are no Michigan cases confronting the situation presented by this case, courts in other jurisdictions have addressed similar problems. See generally, 7 Am Jur 2d, Attorneys at Law, §§ 173-175, pp 224-228; 48 ALR2d 1155. Both parties cite *Smith v Bryant,* 264 NC 208; 141 SE2d

303 (1965). There, the attorney withdrew in his
client's presence, and the court scheduled trial for
the following morning. The defendant attempted
to defend his own case. The court first noted that
an attorney might be justified in withdrawing
from a case where the client has refused to pay
proper fees upon reasonable demand by the attor-
ney, then continued:

"Nevertheless, this does not mean that an attorney of
record can walk out of the case by announcing to the
court on the day of the trial that he has withdrawn
because he has not been paid. An attorney not only is
an employee of his client but also is an officer of the
court. This dual relation imposes a dual obligation. To
the client who refuses to pay a fee the attorney must
give specific and reasonable notice so that the client
may have adequate time to secure other counsel and so
that he may be heard if he disputes the charge of
nonpayment." 264 NC 211 (citation omitted).

In two other cases involving counsel's with-
drawal after the client's failure to appear for trial,
courts have held that the fact that counsel is
unable to communicate with the client does not
necessarily justify counsel's failure to give notice
of withdrawal. In *Stafford v Dickison,* 46 Hawaii
52; 374 P2d 665 (1962), the Supreme Court of
Hawaii held that it was an abuse of discretion to
permit the attorney to withdraw on the day of the
trial, so that a default judgment might be entered
against his client.

"For two years counsel had been out of touch with his
client, and even if we assume that the client's failure to
answer the letter about the arrears in support pay-
ments had embarrassed counsel, that moreover the
client was neglectful in failing to keep in touch with his
attorney when he must have known he had this pend-
ing case, those circumstances did not excuse what was

done. *Though an attorney be warranted in withdrawing, he should do so only on reasonable notice to his client, allowing him time to employ another lawyer."* 46 Hawaii 61. (Emphasis added.)

Similarly, the Supreme Court of Wisconsin in *Sherman v Heiser,* 85 Wis 2d 246; 270 NW2d 397 (1978), stressed the importance of notice to the client prior to an attorney's withdrawal. The court noted the inequities involved in reversing the judgment against a dilatory defendant. The court was sympathetic to the trial court's case backlog. However, the court noted that the trial court had the option of denying defense counsel's motion to withdraw, thereby forcing counsel to defend regardless of his client's absence. The court relied on the due process required by both the federal and state constitutions in holding that the court should have set a new trial date with notice to the client so that he could retain a new attorney. In reversing the judgment entered against that defendant, the court concluded:

"We can understand the frustration of the trial court and counsel in a case such as this one, where the party has never offered any justifiable excuse for failing to be present at trial. The most generous interpretation that could be given to Sherman's action is that he was willing to let his attorney try the case without him. This he had a right to do. But due process considerations constrain us to hold that where the attorney is permitted to withdraw the day of trial without notice to the client, the proper procedure is to grant a continuance in the case and set a new trial date. We emphasize the lack of notice to the client that the attorney would not proceed on the trial date in the client's absence is of particular importance in this case." 85 Wis 2d 256.

The court in *Vann v Shilleh,* 54 Cal App 3d 192, 126 Cal Rptr 401 (1976), also noted a constitutional

right to counsel in noncriminal proceedings in reversing a judgment rendered after counsel withdrew and the client was forced to defend *in propria persona.*

This Court recognized these principles in *Wykoff v Winisky,* 9 Mich App 662; 158 NW2d 55 (1968), *lv den* 381 Mich 770 (1968), but found no abuse of discretion in permitting counsel to withdraw and forcing defendants to proceed without counsel where the clients had ample time to secure new counsel and prepare for trial, but neglected to do so. In *People v Bruinsma,* 34 Mich App 167; 191 NW2d 108 (1971), this Court severely reprimanded an attorney who failed to appear to represent his client:

"An attorney who represents a client cannot withdraw from a case in a manner which leaves his client without notice and without an adequate opportunity to seek other representation. Such conduct violates the canons of professional ethics and the established case law of this state." *Bruinsma, supra,* p 177.

Regardless of whether Edwards' withdrawal was justified, *e.g.,* for nonpayment of legal fees, his client was entitled to notice of that withdrawal. Bye strenuously argues that the notice requirement should not apply where defendant wilfully fails to leave forwarding addresses and fails to appear at trial. Indeed, this was the basis of the judge's decision. However, the fact that Ferguson had notice of the trial does not deny the fact that he had no notice of Edwards' withdrawal. Even if Ferguson's absence made it difficult for Edwards to defend the case, the Disciplinary Rules do not permit withdrawal without notice.

There is no requirement that a defendant in a civil case appear at trial. The fact that Ferguson

chose not to appear, thereby risking a judgment, does not change the attorney-client relationship. The Michigan Constitution allows the party to proceed through his attorney.

An attorney who undertakes to conduct an action impliedly stipulates that he will prosecute it to a conclusion, and he is not at liberty to abandon the suit without reasonable cause. If reasonable cause exists, however, an attorney, prior to termination of the suit, *and on reasonable notice,* may end the attorney-client relationship." 7 Am Jur 2d, Attorneys at Law, § 173, pp 224-225 (footnotes omitted; emphasis added).

Although Edwards attempted to communicate with Ferguson regarding the trial, the record does not reflect that Ferguson ever received notice of Edwards' intentions to withdraw if Ferguson failed to appear for trial. As the court in *Stafford* and *Sherman* made clear, a defendant has a right to notice of withdrawal, even if the defendant failed to tell his attorney of his whereabouts and failed to appear at trial. In the present case, Ferguson was clearly derelict in both respects. However, he had the right to assume that Edwards would at least make an effort to either defend his case or request a continuance and give notice of his withdrawal. Unlike the client in *Wykoff, supra,* the record discloses no intent on Ferguson's part to represent himself. Ferguson was entitled to assume that his attorney would defend his case, as best he could.

In short, Ferguson's actions did not excuse Edwards' withdrawal *without notice.* Under these circumstances, the trial court erred by proceeding immediately to trial. Withdrawal of counsel does not give a litigant an absolute right to a continuance; the decision to grant a continuance rests in the sound discretion of the trial court. However, in

this case, the defendant should have been given notice of withdrawal and given an opportunity to obtain new counsel. The judge's actions in proceeding directly to trial were an abuse of discretion. The judgment must be set aside in order to achieve justice, since Ferguson was deprived of his constitutional right to representation by an attorney in court, and setting aside the judgment will not significantly affect Bye's rights, since he will be allowed to present his proofs at a new trial.

Costs may be assessed by the trial court, and should be.

Reversed.

V. J. Brennan, P.J., *(dissenting)*. I would respectfully dissent here.

In light of the facts we have before us in this matter, which are: the defendant had notice of the date of trial with no request for adjournment; defendant's continued course of deliberately attempting to keep himself out of the jurisdiction of the court; and defendant's deliberate desire not to cooperate in any way with his counsel, I cannot say that the trial judge abused his discretion when he denied the defendant's motion to set aside the judgment.

As to the withdrawal of counsel issue, this Court has repeatedly said that issues cannot be raised for the first time on appeal. Issues not first presented to the trial court are not properly before this Court. *Lindsey v Hartford Accident & Indemnity Co,* 90 Mich App 668; 282 NW2d 440 (1979), *lv den* 408 Mich 924 (1980); *Burrill v Michigan,* 90 Mich App 408; 282 NW2d 337 (1979).

If, as the majority says, there was a miscarriage of justice, I would conclude that the proper remedy would be a remand on that question. However, from the record we have before us, I find no abuse of discretion.