# STATE OF MICHIGAN

# COURT OF APPEALS

BENNENA ROE, formerly known as BENNENA CARPER,

        Plaintiff-Appellant,

v

SEBASTIAN ROE,

        Defendant-Appellee.

UNPUBLISHED
August 22, 2017

No. 336452
Gladwin Circuit Court
Family Division
LC No. 11-006000-DS

Before: MARKEY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

RONAYNE KRAUSE, J. *(concurring)*.

I concur in the result reached by the majority. I write separately because I respectfully disagree with the majority's assessment of the trial court's denial of plaintiff's request for an adjournment. I conclude that reversal is unwarranted on the basis of the record the trial court made after the fact, at plaintiff's subsequent motion to stay. However, a review of the record up to the point at which the trial court denied the motion for adjournment would indicate to me a clear abuse of discretion at the time.

As the majority states, a proper denial of a motion to adjourn generally "involve[s] some combination of numerous past continuances, failure of the movant to exercise due diligence, and lack of any injustice to the movant." *Tisbury v Armstrong*, 194 Mich App 19, 20; 486 NW2d 51 (1991). A last-minute request for a continuance to obtain counsel might properly be denied where "the record establishes a substantial basis for challenging a litigant's good faith in preparing for trial," which could be indicated simply by failing to make use of being afforded a reasonable amount of time in which to obtain counsel. *Wykoff v Winisky*, 9 Mich App 662, 669-670; 158 NW2d 55 (1968). Conversely, failure to afford a party sufficient time to find counsel "'will in appropriate circumstances'" constitute an abuse of discretion, the propriety of the circumstances again turning on some showing that the party made good-faith efforts. See *People v Stinson*, 6 Mich App 648, 653-656; 150 NW2d 171 (1967). Critically, the reasonableness of the time allotted may depend on unique characteristics specific to the party. See *Percy v Percy*, 227 Mich 407; 198 NW 931 (1924).

Plaintiff was notified approximately a month in advance of the hearing. At her motion, she indicated that she had not been able to obtain the funds for an attorney and an unspecified

"they" had advised her to ask for a continuance at the hearing. The trial court was understandably unimpressed with plaintiff's implied reliance on advice from, apparently, court or Friend of the Court employees who should not have been giving legal advice in any event. However, an unsophisticated layperson in pro per and possessed of few other resources for navigating the labyrinthine procedures of the legal system might reasonably be expected to rely on it, no matter how improper. See *Willis v Newsome*, 747 F 2d 605 (CA 11, 1984). The trial court made no effort to evaluate whether acting pursuant to any such advice should be considered good faith due diligence under the circumstances. The trial court likewise made no effort to determine what plaintiff's financial situation is and how practical it would have been for her to seek counsel in one months' time. Indeed, the trial court made precisely no effort *whatsoever* to evaluate whether good cause existed for the motion and instead simply proceeded as if the motion *could not* be proper at that time. I appreciate that the trial court was not strictly required to articulate findings of fact on the record in decisions on motions. MCR 2.517(A)(4). However, I would find the circumstances tantamount to failing to exercise discretion when called upon to do so, which is *per se* an abuse thereof. See *People v Stafford*, 434 Mich 125, 134 n 4; 450 NW2d 559 (1990).

Nonetheless, I cannot find that the trial court's after-the-fact justifications to be unprincipled or unwarranted. The trial court explained, most convincingly to me, that it wished to ensure that any custody decision was made prior to the commencement of the children's school year, which is an entirely reasonable and laudable concern. The trial court further noted that it had already developed very serious concerns about the well-being of the children while under plaintiff's care. It therefore stands to reason that the trial court had little luxury to grant an indefinite postponement. I find the trial court's concern about "defendant's witnesses" having travelled from Georgia to be somewhat overstated given that the only such witnesses were defendant himself and his wife, but certainly a non-trivial inconvenience for a party that did not seemingly contribute to plaintiff's inability to obtain counsel. Although I find completely implausible the suggestion that a lack of representation by counsel did not meaningfully harm plaintiff's ability to present her position, the trial court did discuss having taken that into consideration, including its belief that plaintiff made a competent showing for herself. This Court *must* defer to the trial court's superior ability to assess the credibility, demeanor, and to at least some extent situation and history of the witnesses before it. See *McGonegal v McGonegal*, 46 Mich 66, 67; 8 NW 724 (1881).

Consequently, I believe the trial court seriously mishandled plaintiff's motion for adjournment, and consequently I do not agree with the majority's conclusion that it was within the range of principled outcomes at the time; but on review of the *entire* record, I reluctantly cannot find reversal on that basis to be warranted.

/s/ Amy Ronayne Krause