# STATE OF MICHIGAN

# COURT OF APPEALS

JENNIFER COCKRELL,

        Plaintiff-Appellant,

v

MARIA LOCHER,

        Defendant-Appellee.

UNPUBLISHED
August 18, 2016

No. 327434
Oakland Circuit Court
LC No. 2014-140637-NI

Before: BECKERING, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals by delayed leave granted an order denying her motion for relief from judgment filed after the trial court granted defendant's motion to dismiss premised on plaintiff's failure to provide medical record authorizations as ordered by the court in this third-party no-fault insurance case. We affirm.

In May 2014, plaintiff filed this action alleging that she suffered a serious impairment of a body function as a result of an automobile accident involving defendant that occurred in February 2014. On July 16, 2014, defendant requested the execution of eight medical record authorizations. In her answers to interrogatories provided to defendant on July 25, 2014, plaintiff indicated that she would execute medical record authorizations when defense counsel presented her with "valid authorizations." Plaintiff refused to sign medical record authorizations at her August 7, 2014 deposition on the advice of her counsel, Reema Samman, who indicated that she wanted to limit the scope of the authorizations.

On August 21, 2014, defendant filed a motion to compel the execution of seven medical record authorizations. Plaintiff's counsel did not file a response, but appeared at the September 3, 2014 hearing on the motion, and argued that defendant sought authorizations from all of plaintiff's medical providers from birth onward which was "harassing" and requested the court to provide a "reasonable time limit" in that regard. The court granted defendant's motion and ordered that the authorizations to be executed within seven days of the September 3, 2014 order.

On September 23, 2014, defendant filed a motion to dismiss for failure to provide executed medical record authorizations as ordered by the court. Defendant argued that attempts had been made to contact plaintiff's counsel regarding the outstanding authorizations to no avail. Defendant acknowledged that dismissal of an action was a drastic sanction, MCR 2.313(B)(2), but argued that plaintiff clearly ignored the court's order and had a long history of non-

-1-

cooperation in this case which prejudiced defendant's ability to defend against this claim. No response to the motion was filed on plaintiff's behalf. And plaintiff's counsel did not appear at the hearing on the motion to dismiss held on October 1, 2014. The trial court considered the law applicable to discovery violations, including MCR 2.313(B)(2), and held that "the factors all favor the dismissal of the case." The court noted:

> There has been a significant period of time that the discovery has been refused to be produced. An existing discovery order has been violated. There has been a significant period of time between the violation and this motion. The prejudice to the party requesting the dismissal is palpable, they cannot adequately defend this case without the medical authorizations.

The court also found that willfulness was shown, including by failing to respond to this motion, and there was a flagrant refusal to comply with the court's discovery order. The court concluded that no lesser sanction was available or appropriate under the circumstances; thus, the case was dismissed by order entered October 1, 2014.

On March 24, 2015, plaintiff filed a motion for relief from the order of dismissal pursuant to MCR 2.612(C). Plaintiff averred that her former counsel, Samman, had little to no contact with her regarding her case and had effectively abandoned her representation. Plaintiff further averred that she personally never refused to execute the medical record authorizations, and was not even informed by her attorney that her case had been dismissed because they were not executed. Plaintiff claimed that she learned about the dismissal after her sister checked the court docket and advised her that her case was dismissed. Plaintiff then obtained new counsel and sought relief from the order of dismissal, arguing primarily that her prior counsel abandoned her representation and abandonment, unlike neglect, is not imputed to the client.[1] In support of her abandonment claim, plaintiff submitted her own affidavit. In the alternative, plaintiff requested that the order of dismissal be amended to specify that dismissal was "without prejudice" so that she would re-file her lawsuit well within the three-year statute of limitations.

Defendant responded to plaintiff's motion for relief from the order of dismissal, arguing that plaintiff "engaged in a repeated pattern of flagrant disregard of the discovery process, resulting in severe prejudice to Defendant." Defendant argued that there were no grounds for relief under MCR 2.612(C) because plaintiff's attorney's negligence was attributable to plaintiff. Plaintiff also "presented no proof aside of a self-serving and false affidavit to support her claims that her former counsel 'abandoned' her claim." To the contrary, plaintiff's counsel was actively engaged in this case in May, June, July, and August of 2014, including at plaintiff's deposition in August at which time plaintiff was asked to sign medical authorizations that had been referenced in her answers to interrogatories. Moreover, plaintiff provided no legal support for her argument that her attorney's negligence constituted "abandonment." In summary, defendant argued, there were no legal grounds to vacate or amend the order of dismissal.

---

[1] See *White v Sadler*, 350 Mich 511, 523-524; 87 NW2d 192 (1957); *Pascoe v Sova*, 209 Mich App 297, 300; 530 NW2d 781 (1995).

Plaintiff's new counsel appeared at the April 1, 2015 hearing on her motion for relief from the order of dismissal, and argued that plaintiff should not lose her right to pursue a remedy for injuries that required three surgeries because her former attorney "was very negligent." Plaintiff's counsel referenced MCR 2.612(C), and argued that the motion was filed within a year of the order of dismissal, the statute of limitations had not run, and a new scheduling order would remedy any prejudice caused by the delayed medical record authorizations. To the contrary, defense counsel argued that negligence of the attorney is imputed to the client. And plaintiff's attorney did not abandon her representation of plaintiff's case. Further, plaintiff neither sought reconsideration of the order of dismissal, nor filed an appeal challenging it. Accordingly, plaintiff's motion should be denied. The trial court agreed with defendant, holding that the negligence of an attorney is imputed to the client except in the extraordinary circumstance of abandonment, which had not happened in this case. Thus, plaintiff's motion was denied.

Plaintiff then filed a motion for reconsideration, arguing that plaintiff's former counsel, Samman, abandoned her case about a month before the October 2014 hearing on defendant's motion to dismiss and abandonment is not imputed to the client. In support of her claim, plaintiff noted that the parties and the trial court received a letter—shortly after the previous hearing on her motion for relief from the order of dismissal—from the law firm where plaintiff's former attorney had been employed. The letter stated that the attorney had been discharged for mishandling clients' files and for failing to perform mundane tasks on behalf of their clients. In light of this new evidence supporting her claim of abandonment, plaintiff argued that reconsideration of her motion for relief was warranted under MCR 2.119(F)(3). Further, plaintiff argued, again, the statute of limitations had not run; thus, any prejudice suffered by defendant because of the delayed medical record authorizations was minimal. Defendant opposed plaintiff's motion for reconsideration, arguing that plaintiff was not entitled to relief. By opinion and order entered May 8, 2015, the trial court agreed with defendant, holding that plaintiff's motion failed to show a palpable error requiring correction and merely presented the same issues previously ruled upon. Plaintiff's delayed application for leave to appeal followed, and was granted. *Cockrell v Locher*, unpublished order of the Court of Appeals, entered December 1, 2015 (Docket No. 327434).

Plaintiff argues that the trial court abused its discretion when it denied her motion for relief from the order of dismissal because her former counsel, Samman, abandoned the case at a critical juncture, causing the dismissal. We disagree.

This Court reviews for an abuse of discretion a trial court's decision on a motion for relief from judgment pursuant to MCR 2.612(C). *Peterson v Auto-Owners Inc Co*, 274 Mich App 407, 412; 733 NW2d 413 (2007) (citation omitted). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010).

MCR 2.612(C) provides:

(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

-3-

(a) Mistake, inadvertence, surprise, or excusable neglect.

\* \* \*

(f) Any other reason justifying relief from the operation of the judgment.

Plaintiff acknowledges on appeal that Samman's carelessness does not merit relief under MCR 2.612(C)(1)(a), but argues that Samman effectively abandoned her case by: "never asking her to sign authorizations, never telling her that the authorizations were the subject of a motion to compel, never answering Defendant's Motion to Dismiss based on the failure to sign authorizations, and failing to attend the hearing." Further, plaintiff argues, the letter from Samman's law firm which was received after the trial court's ruling on her motion for relief from the order of dismissal "left no doubt about that the case was abandoned." Plaintiff relies on *White v Sadler*, 350 Mich 511, 523-524; 87 NW2d 192 (1957), for the proposition that an attorney's abandonment is not generally imputed to a client. Plaintiff also cites to federal case law holding that attorney abandonment can be considered an "extraordinary circumstance" warranting relief under Fed R Civ P 60(b)(6), the federal counterpart to MCR 2.612(C)(1)(f).

As discussed in *Heugel v Heugel*, 237 Mich App 471, 478-479; 603 NW2d 121 (1999), the following must be established before relief may be granted under MCR 2.612(C)(1)(f):

> (1) the reason for setting aside the judgment must not fall under subsections a through e, (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice.

And, "[g]enerally, relief is granted under subsection f only when the judgment was obtained by the improper conduct of the party in whose favor it was rendered." *Heugel*, 237 Mich App at 479.

Plaintiff does not allege any improper conduct by defendant, but nevertheless claims that "extraordinary circumstances" exist that mandate setting aside the order of dismissal. Specifically, plaintiff claims that her attorney's conduct constituted abandonment which was a sufficient "extraordinary circumstance" to mandate setting aside the order of dismissal. The actions plaintiff cited to as demonstrating abandonment are "never asking her to sign authorizations, never telling her that the authorizations were the subject of a motion to compel, never answering Defendant's Motion to Dismiss based on the failure to sign authorizations, and failing to attend the hearing." But these alleged failures do not demonstrate "abandonment." While the distinction between neglect and abandonment may be blurry, abandonment by an attorney in the context of an attorney-client relationship implies desertion or a unilateral severance of this legally-recognized professional relationship without notice to the client. See, e.g., MRPC 1.16; *Simko v Blake*, 448 Mich 648, 655-656; 532 NW2d 842 (1995) (discussing the legal duty arising from an attorney-client relationship). And there is no evidence of that here.

In support of her claim of abandonment, plaintiff refers us to cases which stand for the proposition that an attorney's abandonment is distinctive from an attorney's negligence and only

negligence will be imputed to a client. While we may agree that the holdings in *White*, 350 Mich at 523-524 and *Pascoe v Sova*, 209 Mich App 297, 300; 530 NW2d 781 (1995), provide that abandonment may not be imputed to the client, plaintiff fails to cite legal support for her claim that Samman's actions and inactions, in fact, constituted abandonment.

Motions for relief from judgment have been granted on the ground that an attorney abandoned his client. In *Bye v Ferguson*, 138 Mich App 196; 360 NW2d 175 (1984), the defendant's attorney was permitted by the trial court to withdraw from the case on the day of the scheduled trial in which his client, the defendant, failed to appear. *Id*. at 199-200. Thereafter, the trial court allowed the plaintiff to present his proofs and a judgment was entered in the plaintiff's favor. *Id*. at 200. Subsequently, the defendant retained another attorney and moved to set aside the judgment under a former version of MCR 2.612(C)(1)(f). *Id*. This Court noted that attorneys are permitted to withdraw from representation only under particular circumstances as set forth in the Code of Professional Responsibility and Canons. *Id*. at 203. And in that case, the defendant's attorney withdrew on the day of trial without providing notice to his client. *Id*. at 206. The Court relied on the following quote:

> An attorney who undertakes to conduct an action impliedly stipulates that he will prosecute it to a conclusion, and he is not at liberty to abandon the suit without reasonable cause. If reasonable cause exists, however, an attorney, prior to termination of the suit, *and on reasonable notice*, may end the attorney-client relationship. 7 Am Jur 2d, Attorneys at Law, §173, pp 224-225 (footnotes omitted; emphasis added). [*Id*. at 207.]

Accordingly, because the defendant's attorney withdrew without notice and the defendant should have been given an opportunity to obtain new counsel before the matter proceeded to trial, the judgment against the defendant had to be set aside to achieve justice. *Id*. at 207-208.

Similarly, in *Pascoe*, 209 Mich App at 298, the defendant's attorney was permitted by the trial court to withdraw from the case at the beginning of trial because he had not talked to his client, the defendant, in three years. Thereafter, the trial court allowed the trial to proceed and a default judgment was entered in favor of the plaintiffs. *Id*. The defendant then filed a motion for relief from judgment under MCR 2.612(C)(1)(f), which the trial court denied. *Id*. This Court, citing to *Bye*, 138 Mich App at 206-207, reversed, holding that the defendant did not receive notice of his attorney's intention to withdraw and that the defendant's attorney's "action here constituted complete abandonment of representation." *Pascoe*, 209 Mich App at 300-301.

In this case, however, plaintiff's attorney, Samman, never sought the trial court's approval to withdraw as plaintiff's counsel, i.e., did not sever the attorney-client relationship. In fact, on December 4, 2014, after this case had been dismissed by the trial court, Samman filed another lawsuit on behalf of plaintiff that asserted the same allegations. Clearly, neither Samman nor plaintiff severed their professional relationship before this action was dismissed or even for a period of time after it was dismissed. Accordingly, the trial court did not abuse its discretion by denying plaintiff's motion for relief from the October 1, 2014 order because this case does not present an extraordinary circumstance warranting relief under MCR 2.116(C)(1)(f).

Plaintiff also argues that the trial court should have amended the October 1, 2014 order to provide for dismissal without prejudice because dismissal with prejudice was too harsh a sanction under MCR 2.313(B) given the facts of this case. However, the order appealed from in this appeal is the April 1, 2015 order denying plaintiff's motion for relief from the order of dismissal, not the October 1, 2014 order of dismissal. Plaintiff did not seek reconsideration of that order in the trial court and did not seek a direct appeal with regard to that order; thus, plaintiff's challenge is untimely.

In any case, the trial court's decision with regard to the imposition of discovery sanctions is reviewed for an abuse of discretion, *KBD & Assoc, Inc v Great Lakes Foam Technologies, Inc*, 295 Mich App 666, 677; 816 NW2d 464 (2012), which occurs only when the "decision falls outside the range of reasonable and principled outcomes." *Woodington*, 288 Mich App at 355. And in this case plaintiff concedes that the trial court reviewed all of the factors it was required to review before imposing the sanction of dismissal. But, plaintiff argues, dismissal with prejudice was unduly harsh. It is true that "the court's chosen discovery sanction must be proportionate and just." *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 662; 819 NW2d 28 (2011) (citation omitted). However, the trial court provided a lengthy explanation for imposing the sanction of dismissal:

> In the instant case, the factors all favor the dismissal of the case. There has been a significant period of time that the discovery has been refused to be produced. An existing discovery order has been violated. There has been a significant period of time between the violation and this motion. The prejudice to the party requesting the dismissal is palpable, they cannot adequately defend this case without the medical authorizations.
>
> Wilfulness has been shown. The plaintiff's counsel, at deposition, ordered her client not to provide the authorizations. This motion has been filed, there's been a willful refusal to respond to the motion, there has been contact between each counsel between the filing of the motion and today, but there has been a flagrant refusal to comply with the court's orders.
>
> No lesser sanction would be available in this case. There has been a flacat - - that would be appropriate under these circumstances, unless the court were simply to say there'd be no damages at all, and that is basically what would end up in the dismissal of the case. In any event, that would not serve the best interests of justice, it would simply encourage parties to fail to engage in ordered discovery. There has been a flagrant and wanton refusal to facilitate discovery and, therefore, it is appropriate to dismiss the case.

It is clear that the trial court thoughtfully considered this matter and made a reasoned decision based on the facts of this case. And as our Supreme Court has repeatedly explained, this Court may not substitute its judgment for that of the trial court in matters falling within the discretion of the trial court. See *AMCO Builders & Developers, Inc v Team Ace Joint Venture*, 469 Mich 90, 94-95; 666 NW2d 623 (2003) (citation omitted). Because the trial court's decision to impose

the sanction of dismissal was not "outside the range of reasonable and principled outcomes," *Woodington*, 288 Mich App at 355, plaintiff's argument is without merit.

Affirmed.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola