# STATE OF MICHIGAN

# COURT OF APPEALS

KARI L. KENNY,

        Plaintiff/Counter-defendant-
        Appellee,

v

JEFF P. KENNY,

        Defendant/Counter-plaintiff-
        Appellant.

UNPUBLISHED
February 15, 2018

No. 336116
Saginaw Circuit Court
LC No. 12-015546-DZ

Before: RONAYNE KRAUSE, P.J., and FORD HOOD and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right from an order of the trial court denying his motion to set aside a default judgment in a post-judgment divorce matter. We affirm.

The parties were divorced by consent judgment in 2016 after a long divorce proceeding that began in 2012. Defendant is a farmer, and during the marriage he was involved in a farming and pickle-processing partnership with his brothers. The major issue in the divorce was the division of the parties' assets, incomes, and tax liabilities related to the farming operation and the dissolution of the business partnership. Following the first day of trial, the parties reached a settlement agreement, which effectively gave the parties a 50/50 split. The contents of the agreement were kept confidential, except for the division of a joint checking account related to the Jack Land Company. Of the amount awarded to plaintiff, $600,000 was to be held in a restricted account pending resolution of the parties' 2014 tax liability. The parties agreed to file a 2013 joint federal tax return. To take advantage of a § 1031 tax deferment regarding the dissolution of defendant's farming partnership, the parties would file separate 2014 tax returns. Defendant would hold plaintiff harmless for any tax consequences of the dissolution. No spousal support was awarded, plaintiff was awarded sole physical custody of the minor child,[1] and child support was to be determined at a later date based on friend-of-the-court calculations.

---

[1] The parties had four children during the 29-year marriage, one of whom as a minor at the time of divorce.

On May 16, 2016, plaintiff filed a "Corrected[2] Motion for Reimbursement and [to] Compel Disclosure of Information and Filing of Tax Returns." In the motion, plaintiff alleged that defendant withdrew his share of the money from the joint checking account the day after the settlement was placed on the record, and that, since then, certain bills had become due that were the parties' joint responsibility. Specifically, the State of Delaware taxing authority assessed a penalty of $7,027.74, the IRS was owed $4,358.16, and there were unpaid medical bills totaling $3,755.38. In addition, monthly payments for a Kubota tractor defendant was awarded in the divorce continued to be withdrawn directly from the joint account from November 2015 through April 2016 totaling $1,518.00. Plaintiff presented documentation of each of these bills and proof that she had paid them out of the joint account. The motion asked for an order directing defendant to reimburse plaintiff for half of the money spent on taxes, penalties, and medical bills, and the full amount paid on the tractor, plus $3,000 in attorney fees. The motion also requested defendant's 2014 and 2015 tax returns and related documents so plaintiff could file her own taxes and prepare for the referee hearing regarding child support.

On June 22, 2016, the trial court entered an order stating that the parties had met in chambers and agreed that an evidentiary hearing should be held to address the issues raised by plaintiff. The court ordered that the court administrator schedule an evidentiary hearing to address the motion. It was further ordered that the 2013 Delaware tax return be filed if it had not been already and that defendant produce a copy of his 2014 and 2015 tax returns along with all schedules and attachments. The order stated that the referee hearing regarding child support was to be scheduled after the tax returns were produced. The court sent notice of hearing on July 13, 2016, to attorneys for both parties, stating that the evidentiary hearing had been scheduled for 9:00 a.m. on September 9, 2016.

The scheduled evidentiary hearing began at 9:15 a.m. on September 9, 2016. The court asked for appearances and plaintiff's counsel, Christopher Picard, stated he and his client were present. The court let the record reflect that neither defendant nor defendant's attorney, Cynthia Fullwood, were present. Mr. Picard presented his proofs regarding the bills paid by plaintiff and provided the court with a table of the amount owed by defendant. Picard stated that he had given defendant's counsel documentation of all the bills that had been paid, but defendant had not cooperated by paying what was owed. The total amount requested by plaintiff was $10,530.31. The court stated, "Proper notices were sent. The Court will order that by default." The court also awarded plaintiff $1,500 in attorney fees to be paid within 30 days. A written order was entered September 22, 2016, to this effect.

Defendant filed a "Motion to Set Aside Order by Default and for Rehearing or Reconsideration," citing MCR 2.612(C)(1)(a) and (c) as grounds for relief from judgment. In the motion, defendant argued that counsel was late for the hearing because she mistakenly believed the hearing was at 9:30. Defendant asserted that the information presented to the court at the hearing was fraudulent and intentionally misleading. Specifically, defendant argued that the check made out to the IRS was never credited to defendant's account. Regarding the payment to

---

[2] The motion was first filed on April 21, 2016.

the State of Delaware, defendant asserted that plaintiff had failed to inform defendant of two letters received from the Delaware taxation authority and by failing to respond had incurred the penalty. Regarding the medical insurance payments, defendant argued that plaintiff had provided no documentation of the charges and to whom they were attributable. Regarding the Kubota tractor, defendant stated that there were two tractors and each party received one in the divorce and that defendant "has paid off both of the vehicles."

Plaintiff's brief in response argued that defendant was simply incorrect regarding the IRS payment. Plaintiff argued that the check she sent to the IRS bore the tax identification number of the Jake Land Company as instructed by the IRS. Regarding the payment to the State of Delaware, plaintiff argued that if defendant believed Delaware improperly charged the parties, he could challenge the debt, but in the meantime plaintiff should be reimbursed for the money she paid. Plaintiff argued that she had in fact paid the out-of-pocket medical expenses incurred by defendant prior to the settlement. Regarding the medical insurance, plaintiff argued that she was under a legal obligation to maintain defendant's medical insurance until he notified her he had obtained his own coverage and that she should be reimbursed for this payment on defendant's behalf. Regarding the Kubota payments, plaintiff argued that the records would show that there were two deductions per month from the joint account: one for the tractor she was awarded, and one for defendant's tractor.

The trial court entered an order denying defendant's motion on November 23, 2016. The court stated as follows:

> MCR 2.612 states, in pertinent part, that "on motion and on just terms the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding" as a result of "mistake, inadvertence, surprise, or excusable neglect" or "fraud . . . , misrepresentation, or other misconduct of an adverse party." MCR 2.612(C)(1)(a), (c). The key word to note in MCR 2.612 is "may;" the word "may" denotes judicial discretion and this Court is not bound to grant relief. *Mollett v City of Taylor*, 197 Mich App 328, 339; 494 NW2d 832 (1992).

> In the present case, this Court finds no reason to set aside the default it entered in this case on September 9, 2016. Neither Defendant nor defense counsel were present when this case was called; therefore, Plaintiff was entitled to a default. Further, although Defendant makes multiple allegations of fraud, deceit, and misrepresentation against Plaintiff, Defendant sets forth no proof of any of these allegations. Because Defendant asserts these allegations without support, this Court, in its discretion, will not grant Defendant's Motion on those grounds.

On appeal, defendant argues that the trial court erred when it denied his motion to set aside the default judgment and for rehearing or reconsideration.[3] We disagree. "The ruling on a motion to set aside a default or a default judgment is entrusted to the discretion of the trial court." *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227; 600 NW2d 638 (1999). This Court reviews a trial court's decision to deny a motion to set aside a default judgment for abuse of discretion. *Shawl v Spence Bros, Inc*, 280 Mich App 213, 218; 760 NW2d 674 (2008). An abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes. *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007).

MCR 2.603(D) provides the guidelines for setting aside a default judgment, and states in pertinent part as follows:

> (1) A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.
>
> * * *
>
> (3) In addition, the court may set aside a default and a default judgment in accordance with MCR 2.612.

Defendant sought to set aside the default judgment under only MCR 2.612(C)(1)(a) and (c). Those rules provide a party with relief from judgment for the following reasons:

> (a) Mistake, inadvertence, surprise, or excusable neglect.
>
> * * *
>
> (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

At the outset, we note that other than providing language pertaining to MCR 2.612(C)(1)(a) and (c), defendant cites to no legal authority, other than one nonbinding case, to support his contentions of error and relies predominantly on blatant denials or allegations with little to no evidentiary support. It is routinely recognized that:

---

[3] Although defendant's motion at the trial court was termed both a motion to set aside a default judgment and a motion for reconsideration or rehearing, defendant's brief cites no legal authority regarding his position that the trial court erred when it denied reconsideration. Rather, defendant's brief focuses only on his argument regarding the trial court's denial to set aside the default judgment. Therefore, defendant has abandoned his position regarding the trial court's denial of reconsideration by failing to adequately brief it. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow. [*Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).]

Such failures permit this Court to deem the issue abandoned on appeal and decline to address it. *Id.* Nevertheless, we are not persuaded that defendant established the requirements necessary for relief under MCR 2.612(C)(1)(a) and (c). This Court has recommended the "[c]autious application of MCR 2.612(C)(1) in divorce cases." *Rose v Rose*, 289 Mich App 45, 58; 795 NW2d 611 (2010).

Defendant contends the trial court erred in denying his motion for relief from judgment premised on a mistaken belief of time scheduling. Specifically, defendant asserted that defense counsel arrived to the evidentiary hearing at 9:18 a.m., mistakenly believing the hearing was scheduled for 9:30. A court is authorized to relieve a party from a final judgment premised on "[m]istake, inadvertence, surprise, or excusable neglect." MCR 2.612(C)(1)(a). An attorney's negligence is generally imputed to the client and does not normally constitute grounds for setting aside a default judgment. See *Pascoe v Sova*, 209 Mich App 297, 299; 530 NW2d 781 (1995).

Here, defendant and his counsel had more than adequate notice of the hearing and time to prepare. Indeed, both parties of record met in chambers with the trial court judge prior to the hearing at issue and consented to the matter being set for an evidentiary hearing. The hearing was eventually set for September 9, at 9:00 a.m., and proper notices were sent to both parties. Defense counsel had no reason to believe that the hearing was scheduled at 9:30 a.m. Moreover, defendant provides no explanation for his own absence from the evidentiary hearing. Accordingly, the trial court did not abuse its discretion when it denied the motion to set aside default judgment based on a scheduling error.

Defendant also contends that the trial court erred in denying his motion to set aside the default judgment premised on a myriad of claims that plaintiff engaged in significant misrepresentations to the trial court. Specifically challenged are plaintiff's claims and evidence regarding: (a) the payment to the IRS, (b) the Delaware tax penalty, (c) unpaid medical bills, and (d) monthly payments for the Kubota tractor. A motion brought pursuant to MCR 2.612(C)(1)(c) addresses the ability of a trial court to "relieve a party or the legal representative of a party from a final judgment, order, or proceeding" premised on "[f]raud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." MCR 2.612(C)(1)(c). "A fraud is perpetrated on the court when some material fact is concealed from the court or some material misrepresentation is made to the court." *Matley v Matley (On Remand)*, 242 Mich App 100, 101; 617 NW2d 718 (2000).

Here, the trial court correctly concluded that defendant's multiple allegations of fraud, deceit, and misrepresentation against plaintiff lack any evidentiary support. Regarding the IRS payment, defendant merely asserts that his counsel spoke to an IRS agent and was told that the payment had not been credited to the account associated with defendant's social security number. Any statements allegedly made by the IRS agent to defendant's counsel are hearsay and would not have been admissible even if counsel had been able to testify at the evidentiary hearing.

MRE 803. Defendant presented no admissible evidence that would call into question whether plaintiff in fact made a payment to the IRS on the parties' behalf.

Regarding the payment to the state of Delaware, defendant asserted that the assessment was essentially plaintiff's fault for failing to inform defendant of correspondence from the Delaware taxation authority. Defendant argues that two letters were sent to plaintiff's address from the state of Delaware, and, had plaintiff informed defendant of these letters, the tax assessment could have been avoided. However, the facts presented by plaintiff adequately demonstrate what plaintiff sought to prove—that the state of Delaware sent plaintiff a bill for a joint obligation of the parties and plaintiff paid it out of the joint account. Whether the assessment was valid and whether the responsibility should be adjusted as between the parties themselves (based on plaintiff's alleged fault) was wholly outside the scope of the relief sought by plaintiff below. Regardless of the underlying reason for the assessment, it was a joint responsibility of the parties during the marriage that plaintiff paid in full from the parties' joint account after defendant removed his funds.

Regarding the medical insurance, out of pocket medical expenses, and tractor payments, defendant merely argues that plaintiff has failed to present sufficient evidence as to how the costs were incurred and to whom the benefits were attributable. This argument is without merit in light of the documentary evidence in the record. Attached to the May 16, 2016 motion is a billing statement from Covenant Healthcare regarding service for ECK (who was a minor at the time) addressed to Jeff Kenny in the amount of $3,781.42. This is the exact amount listed on plaintiff's exhibit A prepared for the evidentiary hearing. Plaintiff also presented an exhibit showing a medical insurance bill for a past due amount for the entire family's health insurance for 2015. As plaintiff points out, she was under a legal obligation to maintain defendant on her medical insurance until the judgment of divorce was entered on March 10, 2016. Again, the amount shown matches the exhibit that plaintiff presented at the hearing. Likewise, plaintiff attached five months of bank statement showing monthly withdrawals for two Kubota tractors. Given the documentation presented to the court by plaintiff and defendant's failure to show any fraud or misrepresentation, it was not an abuse of discretion to award the amount requested and deny the motion to set aside the default judgment.

Accordingly, the trial court did not abuse its discretion in denying defendant's motion to set aside the default judgment.[4]

Affirmed.

/s/ Amy Ronayne Krause
/s/ Karen M. Fort Hood
/s/ Colleen A. O'Brien

---

[4] Although defendant's statement of question presented also refers to the award of attorney fees, neither defendant's motion to set aside the default judgment nor defendant's brief on appeal directly address the trial court's attorney-fee award. Therefore, to the extent defendant challenges the attorney-fee award, his argument is abandoned. See *Mitcham,* 355 Mich at 203.