*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES JOSEPH,

　　　　Plaintiff-Appellee,

v

ENTERTAINMENT MANAGERS, LLC, doing business as THE ENTERTAINMENT DISTRICT,

　　　　Defendant-Appellant.

UNPUBLISHED
November 25, 2025
1:54 PM

No. 369697
Kalamazoo Circuit Court
LC No. 2023-000092-AV

Before: CAMERON, P.J., and REDFORD and GARRETT, JJ.

PER CURIAM.

Plaintiff-appellee, James Joseph, obtained a default judgment against defendant-appellant, Entertainment Managers, LLC, doing business as the Entertainment District. Subsequently, the district court denied defendant's motion to set aside the default judgment, and the circuit court affirmed the district court's order. On appeal, defendant argues the district court abused its discretion when it denied the motion to set aside the default judgment and the circuit court erred when it denied defendant's appeal because defendant established both good cause and a meritorious defense to the complaint. Defendant now appeals by delayed leave granted.[1] We affirm.

## I. BASIC FACTS

Defendant is a limited-liability company operating a wedding and event venue in Kalamazoo, Michigan. According to plaintiff, he entered a contract with defendant on August 15, 2019, for it to provide a wedding reception for plaintiff's daughter at its venue on August 14, 2020. Plaintiff alleged he made a deposit of $11,388 to hold the date. The wedding was unable to be

---

[1] *Joseph v Entertainment Managers, LLC*, unpublished order of the Court of Appeals, entered September 12, 2024 (Docket No. 369697).

held on August 14, 2020, because an executive order in response to the coronavirus (COVID-19) pandemic prevented defendant from operating the venue at the time.

Plaintiff sued defendant in district court, raising claims of (1) breach of contract; (2) statutory conversion; (3) unjust enrichment; and (4) fraudulent misrepresentation. Plaintiff also requested exemplary damages. Plaintiff attached an unsigned copy of the purported contract for the "Joseph-Combs Wedding" to his complaint and alleged that defendant possessed a signed copy of it.

According to plaintiff, defendant breached a contract between it and plaintiff when defendant did not hold the wedding at its venue on August 14, 2020, and, contrary to the inoperability clause in the contract, failed to issue a full refund of the money plaintiff paid as a deposit. Alternatively, in his claim for unjust enrichment, plaintiff alleged, if there was no contract between him and defendant, he conferred a benefit on defendant when he paid the deposit and defendant was unjustly enriched because he did not confer any benefit to plaintiff in return. Next, in plaintiff's claim for statutory conversion, he alleged he never authorized defendant to retain the deposit after the breach of contract, and defendant wrongfully and tortiously retained the deposit for his own benefit, despite plaintiff's repeated demands for defendant to return the deposit. Finally, in the claim for fraudulent misrepresentation, plaintiff alleged defendant had not reopened its business since the start of the COVID-19 pandemic and intentionally made false representations of material fact to plaintiff when defendant insisted plaintiff pay for a wedding that was never going to happen.

Plaintiff filed the complaint on January 20, 2022. A summons and a copy of the complaint was served on defendant on February 15, 2022. Defendant's answer was due on March 15, 2022. See MCR 2.108(A)(2). Before the deadline, defendant contacted plaintiff to request a two-week extension to answer the complaint. Plaintiff accepted the request and the deadline was extended to March 29, 2022. Defendant did not file an answer by the extended deadline of March 29, 2022.

Plaintiff requested a default on April 1, 2022. The district court clerk entered a default against defendant on the same day. Before the default was served on defendant, defendant filed an answer to the complaint on April 8, 2022. The default was served on defendant on April 11, 2022. Plaintiff moved for entry of a default judgment on May 27, 2022. The district court entered a default judgment against defendant in the amount of $11,548 on June 15, 2022.[2] Thereafter, defendant moved to set aside the default on July 1, 2022.

In its motion to set aside the default, defendant argued good cause existed to set aside the default judgment and it had meritorious defenses to the complaint that would be absolute, if proven. According to defendant, it was permitted to make a lesser showing of good cause because of the strength of it meritorious defense. Defendant asserted its failure to respond to the complaint by the extended deadline was a "calendaring mistake," which caused an event reminder not to appear on defendant's calendar.

---

[2] $160 of this sum was the cost of filing fees.

Regarding the breach-of-contract claim, defendant argued plaintiff was not a party or a third-party beneficiary to a contract with defendant. Defendant attached an affidavit from its "member manager" Ryan Reedy and a signed copy of the contract for the "Joseph-Combs Wedding." The attached contract was not signed by plaintiff. Instead, plaintiff's daughter, Hannah, and future son-in-law, David, signed the contract. Defendant also attached four payment forms electronically signed by plaintiff's spouse, Deborah, that comprised the total of the deposit paid to defendant.

Defendant argued plaintiff could not prevail on his unjust-enrichment claim because the contract between it, Hannah, and David covered the same subject matter as the claim. Further, defendant argued, if there was a contract between it and plaintiff, then the unjust-enrichment claim could not survive because it was precluded by the existence of the contract. Defendant also argued plaintiff could not prevail on his statutory-conversion claim because defendant received plaintiff's funds with plaintiff's consent. Finally, defendant argued plaintiff could not prevail on his claim for fraudulent misrepresentation because the parties did not know at the time the contract was executed that the COVID-19 pandemic would prevent the wedding from being held.

In response to defendant's motion, plaintiff argued that the calendaring problem following the request to the extend the deadline was not good cause. Plaintiff also argued that defendant had not established absolute meritorious defenses. Plaintiff argued that even if he did not have a contract with defendant, he was permitted to plead in the alternative that defendant was unjustly enriched at his expense.

The district court denied defendant's motion to set aside the default. The district court concluded the calendaring mistake did not constitute good cause, noting that defendant's intent was irrelevant and the court rules were in place for a reason. The district court did not address the asserted meritorious defenses.

Defendant moved for reconsideration of the district court's order, which the district court denied. Thereafter, defendant appealed the district court's order in the circuit court. The circuit court denied defendant's appeal and subsequently denied defendant's motion for reconsideration. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion to set aside a default or default judgment for an abuse of discretion. *Shawl v Spence Bros, Inc*, 280 Mich App 213, 220; 760 NW2d 674 (2008). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id*. A trial court necessarily abuses its discretion when it commits an error of law. *Masrur v Regents of Univ of Mich*, 344 Mich App 102, 110; 999 NW2d 55 (2022).

## III. ANALYSIS

Defendant first argues that the district court abused its discretion by entering the default judgment without holding a hearing to determine the veracity of plaintiff's complaint. We disagree.

-3-

"Entry of a default is equivalent to an admission by the defaulting party as to all well-pleaded allegations." *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 79; 618 NW2d 66 (2000) (quotation marks and citation omitted). When a default judgment is entered by the trial court, it has discretion under the court rules to conduct a hearing: "If, in order for the court to enter a default judgment or to carry it into effect, it is necessary to . . . establish the truth of an allegation by evidence, or . . . investigate any other matter, the court *may conduct hearings* or order references it deems necessary and proper, . . ." See MCR 2.603(B)(3)(*iii*)-(*iv*) (emphasis added). As expressed by the discretionary language in the court rule, the rule provides that holding further proceedings is within the discretion of the trial court. See *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 584-585; 321 NW2d 653 (1982) (discussing a previous version of MCR 6.203(B)(3)). Accordingly, the trial court did not abuse its discretion when it did not hold a hearing to establish the veracity of plaintiff's claims before entering the default judgment.

Next, defendant argues the district court abused its discretion by denying its motion to set aside the default judgment. Concluding that the trial court's decision fell within the range of reasonable and principled outcomes, we disagree.

[A]lthough the law favors the determination of claims on the merits, it has also been said that the policy of this state is generally against setting aside defaults and default judgments that have been properly entered. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999). A party may seek to set aside a default by filing a motion that demonstrates that the defaulted party had "good cause" and a "meritorious defense." MCR 2.603(D)(1). The "good cause" and "meritorious defense" requirements are distinct concepts and a party moving to set aside a default judgment must establish both. *Alken-Ziegler, Inc*, 461 Mich at 230-231, 233-234. The defaulting party bears the burden of demonstrating good cause and a meritorious defense to set aside a default judgment. *Saffian v Simmons*, 477 Mich 8, 15; 727 NW2d 132 (2007).

A party may establish good cause by "(1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand." *Shawl*, 280 Mich App at 221 (quotation marks and citation omitted). The Michigan Supreme Court has clarified that the "manifest injustice" factor in the "good cause" test is not a "discrete occurrence," but "the result that would occur if a default were to be allowed to stand where a party has satisfied the 'meritorious defense' and 'good cause' requirements of the court rule." *Alken-Ziegler*, 461 Mich at 233.

This Court has provided a list of factors the trial court can consider when examining whether "good cause" has been demonstrated:

> (1) whether the party completely failed to respond or simply missed the deadline to file;
>
> (2) if the party simply missed the deadline to file, how long after the deadline the filing occurred;
>
> (3) the duration between entry of the default judgment and the filing of the motion to set aside the judgment;

(4) whether there was defective process or notice;

(5) the circumstances behind the failure to file or file timely;

(6) whether the failure was knowing or intentional;

(7) the size of the judgment and the amount of costs due under MCR 2.603(D)(4);

(8) whether the default judgment results in an ongoing liability (as with paternity or child support); and

(9) if an insurer is involved, whether internal policies of the company were followed. [*Shawl*, 280 Mich App at 238.]

Defendant does not claim that there was a defect or irregularity with the service of the complaint. Accordingly, it was required to establish a reasonable excuse for the failure that created the default. See *id*. at 221. Defendant contends the trial court abused its discretion by concluding that the failure to calendar the response date did not establish good cause and by determining that intent was irrelevant and defendant did not comply with the court rules. Although we agree some of the district court's reasoning was erroneous, we conclude that its holding that defendant failed to establish good cause was within the range of reasonable and principled outcomes.

The district court determined the failure to calendar the answer's due date did not establish good cause. In support of this conclusion, the district court explained defendant's intent was irrelevant and defendant failed to comply with the court rules. This analysis is faulty in two regards. First, intent can be a relevant consideration in the evaluation of good cause because one of the possible factors a trial court may consider is whether the failure was knowing or intentional. See *id*. at 238. Second, the entry of a default is generally a result of a party's failure to comply with the court rules. See MCR 2.603(A)(1) (stating that a court clerk must enter the default of the party if that party has failed to plead or otherwise defend as provided by the court rules). If it were true that a party that violated the court rules could not move to set aside a default or default judgment, there would be few instances in which a party could set aside a default or default judgment.

Regardless, we conclude the district court's holding that defendant did not establish good cause was within the range of reasonable and principled outcomes. Generally, an attorney's negligence is imputed to the client and is not a basis for setting aside a default judgment. See *Pascoe v Sova*, 209 Mich App 297, 298-299; 530 NW2d 781 (1995). In this case, the cause of defendant's failure to answer the complaint appears to be that defense counsel failed to properly calendar the answer's due date after requesting an extension.

Moreover, defendant did not establish good cause under the relevant *Shawl* factors. Some of the factors are favorable to defendant. Defendant did not completely fail to answer the complaint. After missing the extended deadline, defendant filed an answer within ten days and it filed the answer before the default could be served on it. Additionally, the circumstances behind its failure to meet the extended deadline, i.e., the calendaring mistake, support that the failure was unknowing and unintentional.

-5-

However, the remaining applicable factors weigh against defendant. There is no contention that there was defective process or notice in this case. It is evident that defendant was aware of the original deadline to file its answer because it requested an extension. Further, although defendant did not completely fail to answer the complaint, it also did not simply miss the deadline. As already noted, defendant acknowledged the original deadline to file an answer and negotiated a two-week extension with plaintiff. Thereafter, defendant did not meet the deadline it requested. Additionally, although defendant received notice of the default entered against it on April 11, 2022, it waited until July 1, 2022, to move to set aside the default judgment after a default judgment of $11,548 was entered on June 15, 2022. Finally, this judgment did not result in an ongoing liability against defendant and the size of the judgment was relatively small.[3] Accordingly, application of the *Shawl* factors supports the district court's conclusion that defendant did not establish good cause. *Shawl*, 280 Mich App at 238.

Without consideration of defendant's asserted defenses, the circumstances of the default support that defendant did not establish good cause to set aside the default judgment. However, "if a party states a meritorious defense that would be absolute if proven, a lesser showing of 'good cause' will be required than if the defense were weaker, in order to prevent a manifest injustice." *Alken-Ziegler*, 461 Mich at 233-234. In this case, after concluding defendant did not establish good cause, the district court did not address the defenses raised by defendant. Because there is some interplay between the good-cause and meritorious-defense requirements of MCR 2.603(D)(1), the district court should have considered defendant's asserted defenses to determine whether a lesser showing of good cause was permissible. See *id*. at 233-234; *Shawl*, 280 Mich App at 237. Nonetheless, because we conclude that defendant failed to present a meritorious defense to all of plaintiff's claims in the district court, defendant was not entitled to make a lesser showing of good cause and, consequently, was not entitled to set aside the default judgment.

Factors relevant to establishing a meritorious defense include: "(1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement; (2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or (3) the plaintiff's claim rests on evidence that is inadmissible." *Shawl*, 280 Mich App at 238.

In the district court, the defenses defendant raised regarding plaintiff's unjust-enrichment and statutory-conversion claims did not indicate that defendant had absolute meritorious defenses to those claims. First, defendant argued if plaintiff had a contract with it, the unjust-enrichment claim could not be raised. "Generally, an implied contract may not be found if there is an express contract between the same parties on the same subject matter." *Morris Pump v Centerline Piping, Inc*, 273 Mich App 187, 194; 729 NW2d 898 (2006). Defendant correctly asserts that if there was a contract between it and plaintiff, then plaintiff could not succeed on the unjust-enrichment claim. However, a party is permitted to plead an alternative, inconsistent claim. See MCR 2.111(A)(2); *AFSCME Council 25 v Faust Pub Library*, 311 Mich App 449, 459; 875 NW2d 254 (2015). Plaintiff specifically pleaded the unjust-enrichment claim as an alternative to his breach-of-

---

[3] The last *Shawl* factor is inapplicable to this case because an insurer is not involved. *Shawl*, 280 Mich App at 238.

-6-

contract claim.  Therefore, this would not constitute a meritorious defense to plaintiff's claim of unjust enrichment.

Defendant alternatively argued in the district court that the unjust-enrichment claim was precluded by the existence of defendant's contract with Hannah and David because that contract covered the same subject matter.  An express contract will only prohibit a claim of unjust enrichment when the parties to the unjust-enrichment claim and the contract are the same.  See *Morris Pumps*, 273 Mich App at 194.  Although that contract covered the same subject matter, as averred by Reedy, it was not a contract between the same parties.  Accordingly, defendant failed to present a meritorious defense to the unjust-enrichment claim that would be absolute, if proven.

Second, defendant argued in the district court that plaintiff could not prevail on the statutory-conversion claim because defendant received plaintiff's funds with his consent pursuant to a valid contract.  A claim for statutory conversion encompasses "[a]nother person's stealing or embezzling property or converting property to the other person's own use"  MCL 600.2919a(1)(1)(a).  Although defendant may have lawfully received the money pursuant to a contract, it was alleged that he unlawfully retained it, conduct that would be encompassed by the statutory language.  Accordingly, defendant also failed to present a meritorious defense to the statutory-conversion claim that would be absolute, if proven.

We note that defendant has raised a different defense to plaintiff's claims of unjust enrichment and statutory conversion on appeal.  In this Court, defendant argues the claims of unjust enrichment and statutory conversion must fail because plaintiff did not give defendant any money.  If proven, this could be an absolute meritorious defense to the claims of unjust enrichment and statutory conversion.  The elements of a claim of unjust enrichment are "(1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant."  *Morris Pumps*, 273 Mich App at 195.  If plaintiff did not give any money to defendant, then defendant did not wrongfully retain plaintiff's property.[4] "Conversion, both at common law and under the statute, is defined as any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein."  *Aroma Wines & Equip, Inc v Columbian Distribution Servs, Inc*, 303 Mich App 441, 447; 844 NW2d 727 (2013).  Again, if plaintiff did not give any money to defendant, then defendant did not wrongfully exert domain over plaintiff's property.

However, defendant did not raise this defense in its motion to set aside the default at the hearing on that motion.  As the party moving to set aside the default judgment, defendant bore the burden of presenting its meritorious defenses in the district court.  See *Saffian*, 477 Mich at 15.  Defendant failed to do so.  Instead, it raised this defense for the first time in its application for leave to appeal in the circuit court and later advanced this defense in this Court.  By failing to raise the defense in the district court, defendant has waived it.  See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023) (explaining a civil litigant

---

[4] Given that the payments made to defendant were by plaintiff's wife, it would be plausible for plaintiff and Deborah to jointly own that money.  However, plaintiff did not argue in the district court or this Court that he jointly owned the money with his spouse.

must preserve an issue for appellate review by raising it in the trial court on the same basis claimed on appeal).

We further note that in his affidavit attached to the motion to set aside the default judgment, Reedy averred defendant did "not have any records showing any payments submitted by or in the name of [p]laintiff" and "Deborah Joseph submitted all payments with an executed payment agreement." Although Reedy averred these facts in the affidavit, defendant did not use them to argue it had a defense to the unjust-enrichment or statutory-conversion claims in its motion or at the hearing. "Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute." *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008). It was not the district court's duty to raise defendant's arguments for it.

By failing to raise absolute meritorious defenses to the claims of unjust enrichment and statutory conversion in the district court, defendant failed to show that it had an absolute meritorious defense to plaintiff's complaint. Therefore, we see no need to address defendant's remaining arguments regarding the defenses it raised to plaintiff's claims of breach of contract and fraudulent misrepresentation. Further, because defendant did not meet its burden to establish an absolute meritorious defense to all of plaintiff's claims in the district court, defendant was not entitled to make a lesser showing of good cause and was not entitled to set aside the default judgment. See *Alken-Ziegler*, 461 Mich at 233-234. For these reasons, we conclude the district court did not abuse its discretion when it denied defendant's motion to set aside the default judgment.[5]

Affirmed.

/s/ Thomas C. Cameron
/s/ James Robert Redford

---

[5] In sum, in reply to our dissenting colleague's opinion, we respectfully disagree that defendant had a meritorious defense to all of the alternative theories of liability alleged by plaintiff in his complaint.