# STATE OF MICHIGAN

# COURT OF APPEALS

DEUTSCHE BANK NATIONAL TRUST
COMPANY,

        Plaintiff-Appellee,

v

WALTER N. SLAN,

        Defendant,

and

LATANZA M. SLAN,

        Defendant-Appellant.

UNPUBLISHED
December 27, 2018

No. 340005
Oakland Circuit Court
LC No. 2017-156720-CH

Before: MURRAY, C.J., and SHAPIRO and RIORDAN, JJ.

PER CURIAM.

Defendant, LaTanza M. Slan, appeals as of right the judgment quieting title to property in this mortgage dispute arising from the divorce of defendant and her ex-husband, defendant Walter N. Slan.[1] We affirm.

## I. MERITORIOUS DEFENSES

Defendant first argues that the trial court improperly denied her motion to set aside the default, and entered default judgment in favor of plaintiff, because she established the meritorious defenses of dower rights, homestead rights, and the statute of frauds.

This Court reviews a trial court's decision whether to set aside a default for an abuse of discretion. *Village of Edmore v Crystal Automation Sys Inc*, 322 Mich App 244, 255; 911 NW2d 241 (2017). "An abuse of discretion occurs when the trial court's decision is outside the range of

---

[1] Default was entered against defendant husband in the lower court on April 11, 2017. He did not appear in the lower court, and has not filed a brief on appeal.

-1-

reasonable and principled outcomes." *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016).[2]

This Court will generally not set aside a default that was properly entered. *Village of Edmore*, 322 Mich App at 255. "A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." MCR 2.603(D)(1). Thus, a default cannot be set aside unless the party in default demonstrates both "good cause" and a "meritorious defense." *Village of Edmore*, 322 Mich App at 255. The trial court must consider whether the affidavit of meritorious defense contained evidence that:

> (1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement;

> (2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or

> (3) the plaintiff's claim rests on evidence that is inadmissible. [*Shawl v Spence Bros, Inc*, 280 Mich App 213, 238; 760 NW2d 674 (2008).]

The trial court's decision must be based on the totality of the circumstances. *Id*. at 237. MCR 2.603(D) contemplates that the affidavit regarding meritorious defenses is offered by an affiant with personal knowledge of the facts, who can state the admissible facts with particularity, and can demonstrate that she could testify competently to the facts set forth therein. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 392; 808 NW2d 511 (2011).

A. DOWER RIGHTS

Defendant argues that she asserted the meritorious defense of dower rights, and that although a statute abolished dower rights, the statute is to be applied prospectively, and her dower rights had previously attached to the property.

MCL 558.1 provides that "[t]he widow of every deceased person, shall be entitled to dower, or the use during her natural life, of 1/3 part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage, unless she is lawfully barred thereof." The Michigan Constitution, Const 1963, art 10, § 1, recognizes the right of dower. *In re Miltenberger Estate*, 275 Mich App 47, 51; 737 NW2d 513 (2007). However, a wife's dower right is inchoate, meaning, it does not consummate until the death of the spouse. *Flynn v Deutsche Bank Nat'l Trust Co*, 162 F Supp 3d 615, 620 n 1 (WD Mich, 2016).[3]

---

[2] Plaintiff relies upon the outdated and no longer applicable standard for abuse of discretion set forth in such cases as *Spalding v Spalding*, 355 Mich 382, 384-385; 94 NW2d 810 (1959).

[3] Although federal court decisions are not binding on this Court, they may be considered as persuasive authority. *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).

-2-

For several reasons, defendant's alleged dower rights were not a meritorious defense to plaintiff's action to quiet title. First, MCL 558.1 specifically provides that a wife is entitled to dower only when she is the widow of a deceased person. There is no indication from the record that defendant husband is deceased. Second, MCL 558.1 specifically provides that a wife is entitled to dower "unless she is lawfully barred thereof." Defendants' judgment of divorce specifically barred all dower:

> The property division provisions of this judgment supersede claims of dower. Both parties are forever barred from any dower interest in any property the other has an interest in, owns, or acquired.

Thus, defendant was lawfully barred of any right to dower by her judgment of divorce.

Third, dower rights were abolished by statute effective April 6, 2017. MCL 558.30. This statute provides, notwithstanding MCL 558.1 to 558.29, "a wife's dower right is abolished and unenforceable either through statute or at common law." MCL 558.30(1). The statute does not apply to "[a] widow's dower elected by a woman whose husband died before the effective date of the amendatory act that added this section." MCL 558.30(2)(a). This exception does not apply because defendant husband is still alive.

Finally, we recognize that statutes and statutory amendments are presumed to operate prospectively, unless the Legislature clearly manifests an intent to the contrary. *Davis v State Employees' Retirement Bd*, 272 Mich App 151, 155-156; 725 NW2d 56 (2006). And there is no clear intent of the Legislature in MCL 558.30 that the abolishment of dower was to apply retroactively, and contrary to this presumption. Nonetheless, a wife may only claim dower rights upon the death of her spouse, MCL 558.1, and defendant failed to establish that her ex-husband is deceased. Consequently, although the abolishment of dower rights by MCL 558.30 applied prospectively, defendant's divorce from her ex-husband, and the bar of dower rights in the judgment of divorce, prevent her from utilizing dower rights in the future should defendant husband pass away. Thus, the trial court did not abuse its discretion when it determined that defendant failed to establish that her alleged dower rights were a meritorious defense sufficient to set aside the default.

## B. STATUTE OF FRAUDS

Defendant also argues that the statute of frauds, MCL 566.108, is a meritorious defense to plaintiff's action to quiet title because she did not execute the mortgage documents; only defendant husband did. Therefore, the mortgage is invalid. In her affidavit regarding meritorious defenses, defendant wife alleged that she was available to execute the documents at closing, but was not requested to, and did not give defendant husband authority to execute the documents on her behalf, or adjudicate her interest in the property. She believed that the property would be conveyed by the seller to defendants as husband and wife.

The sale of land is governed by the statute of frauds, MCL 566.106 and MCL 566.108. *Lakeside Oakland Dev, LC v H & J Beef Co*, 249 Mich App 517, 524; 644 NW2d 765 (2002). MCL 566.106 provides:

No estate or interest in lands, other than leases for a term not exceeding [one] year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing.

MCL 566.108 provides, in relevant part:

Every contract for the leasing for a longer period than [one] year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized in writing[.]

"Simply put, therefore, a contract for the sale of land must, to survive a challenge under the statute of frauds, (1) be in writing and (2) be signed by the seller or someone authorized by the seller in writing." *Zurcher v Herveat*, 238 Mich App 267, 277; 605 NW2d 329 (1999).

The property was conveyed by the previous owner, Lisa L. Whalen, only to defendant husband by warranty deed, executed October 20, 2005, and recorded February 16, 2006. Defendant was not listed as a purchaser on the warranty deed. The warranty deed satisfied the statute of frauds because it was in writing, and signed by the seller, Whalen. *Id*. Therefore, defendant husband was the sole owner of the property until it was awarded to defendant pursuant to the judgment of divorce on March 21, 2016.

While defendant husband was the sole owner of the property, he entered the original mortgage and the refinance mortgage. Although the mortgages listed defendant husband as a "single man" despite his marriage to defendant, he solely entered into the mortgages, and solely executed them as the only titled owner of the property pursuant to the warranty deed. Defendant husband executed the refinance mortgage on September 25, 2006. The refinance mortgage satisfied the statute of frauds because it was in writing, and duly executed by defendant husband. MCL 566.106; MCL 566.108. The mortgage was assigned to plaintiff in 2009, and again in May 2015. It was not until August 10, 2015, that defendant claimed a "marital interest," "dower and curtesy right," and "equitable interest" in the property in her affidavit of marital interest. She was awarded the property in the judgment of divorce on March 21, 2016. There is no indication that the refinance mortgage did not still exist on the home as of the entry of the judgment of divorce. Rather, the judgment of divorce specifically provided that any property awarded to either defendant was subject to any existing liens or encumbrances on the property, and the party receiving that property was responsible for paying such.

Therefore, defendant failed to establish that the statute of frauds was a meritorious defense to plaintiff's action to quiet title. The warranty deed awarded sole title to defendant husband, and the warranty deed and mortgages entered by defendant husband satisfied the statute of frauds. The refinance mortgage was a valid and existing lien on the property when it was awarded to defendant pursuant to the judgment of divorce, and therefore, she was responsible for paying the mortgage.

## C. HOMESTEAD RIGHTS

Another purported affirmative defense asserted by defendant is that her homestead rights to the property are superior to the mortgage lien. She argues that she claimed the property as a homestead since defendant husband purchased the property, and relies on *Amphlett v Hibbard*, 29 Mich 298, 305 (1874), which held that a mortgage was void as to half of a property under the homestead rights of the wife, based on the 1850 Michigan Constitution. Plaintiff does not dispute that the property was claimed as a homestead.

The Michigan Constitution of 1963 now provides:

> A homestead in the amount of not less than $3,500 and personal property of every resident of this state in the amount of not less than $750, as defined by law, shall be exempt from forced sale on execution or other process of any court. Such exemptions shall not extend to any lien thereon excluded from exemption by law. [Const 1963, art 10, § 3.]

And the homestead exemption statute, MCL 600.6023(1)(g), states, in relevant part:

> (1) The following property of a judgment debtor and the judgment debtor's dependents is exempt from levy and sale under an execution:
>
> * * *
>
> (g) A homestead of not more than 40 acres of land and the dwelling house and appurtenances on that homestead that is not included in a recorded plat, city, or village, or, at the option of the owner, a quantity of land that consists of not more than [one] lot that is within a recorded town plat, city, or village, and the dwelling house and appurtenances on that land, owned and occupied by any resident of this state, not exceeding in value $3,500[ ]. This exemption applies to any house that is owned, occupied, and claimed as a homestead by a person but that is on land not owned by the person. However, this exemption does not apply to a mortgage on the homestead that is lawfully obtained. A mortgage is not valid for purposes of this subdivision without the signature of a married judgment debtor's spouse unless either of the following occurs:
>
> (*i*) The mortgage is given to secure the payment of the purchase money or a portion of the purchase money.
>
> (*ii*) The mortgage is recorded in the office of the register of deeds of the county in which the property is located, for a period of 25 years, and no notice of a claim of invalidity is filed in that office during the 25 years following the recording of the mortgage.

In the matter at hand, title of the property was conveyed to defendant husband only in the warranty deed. Therefore, the refinance mortgage executed solely in defendant husband's name was valid. From the purchase of the property in 2006, until the judgment of divorce in 2016, defendant wife had no homestead interest in the property because defendant husband owned the

property, and the title was in his name. *Bullard v Indymac Bank FSB*, 539 F Appx 665, 666 (CA 6, 2013) (applying Michigan law). Defendant wife did not receive title to the property until the judgment of divorce was entered on March 21, 2016. The judgment of divorce provided that defendant received title to the property subject to any encumbrances or liens. Because the refinance mortgage was valid, defendant was responsible for paying the lien. Therefore, defendant failed to establish that homestead rights were a meritorious defense to plaintiff's action to quiet title.

## D. JUDICIAL ESTOPPEL

As an alternative defense to defendant's assertion of meritorious defenses, plaintiff argues that defendant was judicially estopped from contesting the refinance mortgage based on her judgment of divorce and bankruptcy proceedings. Because the trial court properly denied defendant wife's motion to set aside the default based on her failure to establish meritorious defenses and good cause, MCR 2.603(D)(1), it is unnecessary to reach the judicial estoppel issue to decide defendant wife's issues on appeal.

Overall, the trial court did not abuse its discretion when it denied defendant's motion to set aside the default, and entered a default judgment quieting title to the property in favor of plaintiff, because defendant failed to establish a meritorious defense to plaintiff's claim to quiet title.

## II. GOOD CAUSE AND EQUITABLE RELIEF

Defendant also argues that the trial court improperly denied her motion to set aside the default because good cause was shown, and plaintiff was not entitled to equitable relief. Although defendant's failure to establish a meritorious defense precludes the setting aside of the default judgment, we still address her argument regarding the existence of good cause for the sake of completeness.

An issue is not preserved for appellate review unless it is raised in, addressed, and decided by the trial court. *Nat'l Wildlife Federation v Dep't of Environmental Quality (No 2)*, 306 Mich App 369, 380; 856 NW2d 394 (2014). The court did not address good cause or plaintiff's alternative counts for equitable relief. Although good cause and equitable relief were not addressed or decided by the lower court, and are therefore theoretically unpreserved, *id*., defendant " 'should not be punished for the omission of the trial court[,]' " *Dell v Citizens Ins Co of America*, 312 Mich App 734, 751 n 40; 880 NW2d 280 (2015), quoting *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). Rather, good cause may be addressed by this Court because it concerns a legal question, and all of the facts necessary for its resolution are present. *Dell*, 312 Mich App at 751 n 40. As noted, this Court reviews a trial court's decision whether to set aside a default for an abuse of discretion. *Village of Edmore*, 322 Mich App at 255. An abuse of discretion occurs when the decision of the lower court is "outside the range of reasonable and principled outcomes." *Ronnisch Constr Group, Inc*, 499 Mich at 552.

Pursuant to MCR 2.603(A)(1), "[i]f a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that fact is

made to appear by affidavit or otherwise, the clerk must enter the default of that party." As noted above, a motion to set aside a default is only granted when good cause is shown and an affidavit of meritorious defense is filed, except when based on lack of jurisdiction. MCR 2.603(D)(1). "[T]he strength of the defense obviously will affect the 'good cause' showing that is necessary. In other words, if a party states a meritorious defense that would be absolute if proven, a lesser showing of 'good cause' will be required . . . ." *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 233-234; 600 NW2d 638 (1999). Good cause to set aside a default may be shown by:

> (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand. [*Shawl*, 280 Mich App at 221 (quotation marks and citations omitted).]

To determine whether good cause is shown, the trial court should consider the following:

> (1) whether the party completely failed to respond or simply missed the deadline to file;

> (2) if the party simply missed the deadline to file, how long after the deadline the filing occurred;

> (3) the duration between entry of the default judgment and the filing of the motion to set aside the judgment;

> (4) whether there was defective process or notice;

> (5) the circumstances behind the failure to file or file timely;

> (6) whether the failure was knowing or intentional;

> (7) the size of the judgment and the amount of costs due under MCR 2.603(D)(4);

> (8) whether the default judgment results in an ongoing liability (as with paternity or child support); and

> (9) if an insurer is involved, whether internal policies of the company were followed. [*Id*. at 238-239.]

This list is not exhaustive or exclusive, and it is within the trial court's discretion to determine how much weight to give each factor. *Village of Edmore*, 322 Mich App at 256.

The complaint was filed on January 9, 2017, and defendant was personally served with the summons and complaint on February 9, 2017. She had 21 days to file an answer. The court entered default for defendant on February 28, 2017. Defendant did not respond to any pleadings until she filed her response to plaintiff's renewed motion for default judgment on July 31, 2017.

She attached a statement supporting good cause, asserting that she took the summons and complaint to her divorce attorney, who had the documents for several weeks before declining to represent her. She spent three months searching for an attorney to represent her for a "minimum retainer" due to her financial difficulties, including her Chapter 13 bankruptcy. She retained counsel on June 26, 2017.

The delayed review of the summons and complaint by defendant's divorce attorney does not constitute good cause to set aside the default as an attorney's negligence is attributable to the client, and typically does not constitute a basis for setting aside a default. *Pascoe v Sova*, 209 Mich App 297, 298-299; 530 NW2d 781 (1995). Defendant also claimed that she did not think that she was competent to answer the complaint on her own. However, "a lay defendant's lack of knowledge of the law and its consequences will not necessarily provide a reasonable excuse and good cause to set aside a default." *Reed v Walsh*, 170 Mich App 61, 65; 427 NW2d 588 (1988). Lastly, a party's failure to obtain counsel, despite sufficient time to do so, is a problem of "[her] own making," that does not demonstrate good cause or the occurrence of manifest injustice required to set aside a default. *Miller v Rondeau*, 174 Mich App 483, 489; 436 NW2d 393 (1988). Therefore, the trial court did not abuse its discretion when it denied defendant's motion because she failed to establish good cause to set aside the default.[4]

Affirmed.

/s/ Christopher M. Murray
/s/ Douglas B. Shapiro
/s/ Michael J. Riordan

---

[4] Because the trial court determined that the refinance mortgage was valid, it was unnecessary for it to determine whether plaintiff was entitled to the equitable relief it requested because such relief was only requested in the event that the court found the mortgage invalid. Because the court determined that the refinance mortgage was valid, plaintiff did not seek equitable relief in the alternative. As such, we need not address these issues on appeal.